UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**TERESA FRITZ**

            Plaintiff,

Vs                              Case No.:_____

**METROPOLITAN CASUALTY
INSURANCE COMPANY,
a foreign corporation**

            Defendants.

_____/

## COMPLAINT

      The Plaintiff, Teresa Fritz, sues the Defendant, Metropolitan Casualty Insurance Company and states:

      1.     The Plaintiff, Teresa Fritz, is a resident of the State of Florida in Pinellas County, Florida. The Defendant, Metropolitan Casualty Insurance Company is a foreign corporation and does business in Pinellas County, Florida. The amount in controversy without interest and costs, exceeds the sum or value specified by 28 U.S.C. §1332.

      2.     On or about June 16, 2013, Kathleen Carter operated a motor vehicle bearing Florida tag number 24RN near the intersection of 4th Street North and 38 Avenue North in Saint Petersburg, Pinellas County, Florida.

      3.     At that time and place, Kathleen Carter, negligently operated or maintained said motor vehicle causing it to collide with the bicycle being ridden by the Plaintiff, Teresa Fritz.

      4.     As a direct and proximate result of the above referenced negligence, Plaintiff, Teresa Fritz, was caused to sustain severe, continuing and permanent injuries,

including significant and permanent loss of an important bodily function, and/or permanent injury within a reasonable degree of medical probability, and/or significant and permanent scarring and disfigurement, and has in the past and will in the future suffer from the effects of said injuries, including pain and suffering, loss of the capacity for the enjoyment of life, and has been and will be caused in the future to incur expenses in the care and treatment of said injuries, has activated or aggravated certain pre-existing conditions.

5.   Alternatively, should it be determined at the trial of this cause that the Plaintiff, Teresa Fritz, has not sustained a permanent injury as a result of the negligence of Kathleen Carter, or has not otherwise satisfied the threshold requirements of the Florida No-Fault Act, the Plaintiff, Teresa Fritz, has nonetheless incurred or experienced certain economic losses as a direct and proximate result of the negligence of Kathleen Carter, which have not been reimbursed by any collateral source.

6.   At all times material to this action, Metropolitan Casualty Insurance Company had in full force and effect a policy of uninsured/underinsured motorist coverage written to cover the Plaintiff, Teresa Fritz.  Plaintiff, Teresa Fritz, is entitled to such uninsured/underinsured motorist coverage for injuries she sustained as a result of the collision of Kathleen Carter's motor vehicle with the bicycle which the Plaintiff was operating as set out above.  A copy of said insurance policy issued to Teresa Fritz is attached hereto as Exhibit "A" and by reference made a part hereof.

7.   The insurance policy referenced above in Paragraph 6 was written in favor of persons who might suffer damages as a result of the negligent operation of the above described vehicle by Kathleen Carter, and by virtue thereof, at the moment the accident

occurred, said insurance policy inured to the benefit of the Plaintiff, Teresa Fritz.

8.      Metropolitan Casualty Insurance Company is a real party in the interest of this litigation and claims an interest adverse to Plaintiff, Teresa Fritz, and insures two (2) vehicles with $50,000/100,000 coverage on each vehicle and which is stacked.

9.      Plaintiff has met all conditions precedent to asserting this claim pursuant to Chapter 627, Florida Statutes by giving proper notice of the accident and the claim to Metropolitan Casualty Insurance Company.

WHEREFORE, Plaintiff, Teresa Fritz, asks this Court to enter judgment for damages against the Defendant, Metropolitan Casualty Insurance Company, together with his/her costs, and requests a trial by jury on all issues so triable.

ANDERSON, SHAFER & ANDERSON

Date Filed: _3/9/17_

Donald C. Anderson, Jr., Esquire
FBN: 167380; SPN: 198980
DCA@thedisabilityfirm.com
2101 5th Avenue North
St. Petersburg, FL 33713
Phone: 727-323-8886; Fax: 727-323-3252
Counsel for Plaintiff

DCA:lmn
cc: Teresa Fritz

**MetLife Auto & Home®**

**Metropolitan Casualty Insurance Company**
**Automobile Insurance Declarations**

03/21/2013
ST 09

| | |
|---|---|
| Policy Number: 3382797280<br>Policy Effective Date: 05/10/2013<br>Policy Expiration Date: 11/10/2013<br>At: 12:01 A.M. | Page 1 of 2<br><br>Renewal Effective Date: 05/10/2013 |
| Named Insured:<br>TERESA D FRITZ AND<br>4612 33RD AVE N<br>SAINT PETERSBURG FL 33713 | Bill To: Insured |

### Insured Vehicle(s)

| Veh | Year | Make | Model | Body Type | Vehicle ID Number | Com/Col Sym | Terr |
|---|---|---|---|---|---|---|---|
| 1 | 2006 | BMW | 330I | 4DR | WBAVB33546KR73045 | 20/20 | 13 |
| 2 | 2013 | HYUNDAI | VELOSTE | 3DR CPE | KMHTC6AE2DU097388 | 23/33 | 13 |

| Coverage Description | Applicable Limits | | Semi-Annual Premiums | |
|---|---|---|---|---|
| | | | 2006<br>BMW | 2013<br>HYUND |
| Personal Injury Protection | $ | 10,000 Per Person | 57 | 70 |
| Liability | | | | |
| Bodily Injury | $ | 50,000 Per Person/ | | |
| | $ | 100,000 Per Occurrence | 128 | 163 |
| Property Damage | $ | 25,000 Per Occurrence | 36 | 45 |
| **Uninsured Motorists** | | | | |
| Bodily Injury Stacked | $ | 50,000 Per Person/ | | |
| | $ | 100,000 Per Accident | 160 | 304 |

| Physical Damage | 2006<br>BMW | 2013<br>HYUND | | |
|---|---|---|---|---|
| Actual Cash Value (ACV) or Limit | ACV | ACV | | |
| Collision less deductible | $ 200 | $ 200 | 90 | 136 |
| Comprehensive less deductible | $ 100 | $ 100 | 40 | 73 |
| Towing and Labor Limit | $ 50 | $ 50 | Incl | Incl |
| **Optional Coverages** | | | | |
| Substitute Transportation | $ 25 Day/$ 750 Occurrence | | 16 | 16 |
| **Total Semi-Annual Premium:** | **$ 1,334.00** | **Vehicle Totals:** | **527** | **807** |

In addition to the above premium your policy will be charged a semi-annual
assessment for: Florida Hurricane Catastrophe Fund Assessment      $17.34

**Deductible Savings Benefit (DSB) $   200**

Deductible Savings reduces Collision or Comprehensive deductibles, excluding towing and glass claims, effective
05/10/2013 for claims occurring after this date.  Your next anniversary date is 11/10/2013.  See Important Notice for
details.

**Forms and Endorsements**

MPL 6010-000 FL550 FL600E FL700D FL702B FL911 FL405C

MetLife Auto & Home is a brand of Metropolitan Property and Casualty Insurance Company and its affiliates, Warwick, RI.

MPL 1380-000

Printed in

**EXHIBIT**

A

**MetLife Auto & Home®**

**Metropolitan Casualty Insurance Company**
**Automobile Insurance Declarations**

03/21/2013
ST 09

| Policy Number: 3382797280 | |
|---|---|
| Policy Effective Date: 05/10/2013 | Page 2 of 2 |
| Policy Expiration Date: 11/10/2013 | |
| At: 12:01 A.M. | Renewal Effective Date: 05/10/2013 |

## Discounts

The following have been included in the total semi-annual premium:

MetRewards Discount applies to 2006 BMW   2013 HYUND
Airbag Discount applies to 2006 BMW   2013 HYUND
Anti-lock Brake Discount applies to 2006 BMW
Passive Anti-theft Discount applies to 2006 BMW   2013 HYUND
A Special Group Rate applies

## Rating Information

**Household Drivers:**

10/17/1956   TERESA D FRITZ
08/26/1961   TIMOTHY ROBERT FRITZ

**IF YOU HAVE A DRIVER IN YOUR HOUSEHOLD WHO IS NOT LISTED ABOVE, PLEASE NOTIFY US IMMEDIATELY.**

Your policy is rated on the following information:

| 2006 BMW | Driver Assigned:<br>Pleasure Use | TERESA D FRITZ<br>Multi-Car Rate<br>Annual Mileage   0 | Licensed 39 Years<br>Married |
|---|---|---|---|
| 2013 HYUND | Driver Assigned:<br>Commute 20 Miles | TIMOTHY ROBERT FRITZ<br>Multi-Car Rate<br>Annual Mileage   0 | Licensed 35 Years<br>Married |

Your policy premium does not reflect the presence of any youthful operators of the vehicles on your policy.

For service or claims, see the Customer
Service and Claim Directory located on
the back of your cover page.

293 - 0DH - 1

MetLife Auto & Home is a brand of Metropolitan Property and Casualty Insurance Company and its affiliates, Warwick, RI.

# MetLife Auto & Home®

# Auto

# Insurance Policy

MetLife Auto & Home is a brand of Metropolitan Property and Casualty Insurance Company and its Affiliates, Warwick, RI

# AUTO INSURANCE POLICY

## WHERE TO FIND IT

| | PAGE |
|---|---|
| INSURANCE AGREEMENT AND DECLARATIONS | 1 |
| GENERAL DEFINITIONS | 1 |
| **AUTOMOBILE LIABILITY** | 2 |
| Additional Definitions For This Coverage | 2 |
| Coverage Provided | 3 |
| Additional Benefits We Will Provide | 3 |
| Coverage Exclusions | 4 |
| Limit Of Liability | 5 |
| Conformity With Financial Responsibility Laws | 5 |
| Out Of State Insurance | 5 |
| Reductions | 5 |
| Other Insurance | 6 |
| **PERSONAL INJURY PROTECTION** | 6 |
| **AUTOMOBILE MEDICAL EXPENSE** | 6 |
| Additional Definitions For This Coverage | 6 |
| Coverage Provided | 7 |
| Coverage Exclusions | 7 |
| Limit Of Liability | 8 |
| Other Insurance | 8 |
| Medical Expense Review | 9 |
| **UNINSURED AND UNDERINSURED MOTORISTS** | 9 |
| Additional Definitions For These Coverages | 9 |
| Uninsured Motorists Coverage | 10 |
| Underinsured Motorists Coverage | 11 |
| Coverage Exclusions | 11 |
| Settlement | 12 |
| Limit Of Liability | 12 |
| Reductions | 12 |
| Other Insurance | 12 |
| **PHYSICAL DAMAGE** | 13 |
| Additional Definitions For These Coverages | 13 |
| Coverage Provided | 14 |
| Comprehensive | 14 |
| Collision | 14 |
| Towing And Labor | 14 |
| Substitute Transportation | 15 |
| Additional Costs We Will Pay | 15 |
| Coverage Exclusions | 15 |
| Maximum Amount We Will Pay | 17 |
| Other Insurance | 17 |
| Your Duties In The Event Of Loss | 17 |

No Benefit To Bailee ........................................... 17
Right To Appraisal ............................................. 17
Payment Of Loss ............................................... 18

**GENERAL POLICY CONDITIONS** ........................ 18
Territory And Policy Period ................................. 18
Premium Changes ............................................ 18
Fraud And Misrepresentation .............................. 19
Other Automobile Insurance With Us .................... 19
If An Accident Or Loss Occurs ............................ 19
Your Duty To Cooperate .................................... 19
Lawsuits Against Us ......................................... 19
Medical Reports; Proof And Payment Of Claim ...... 20
Our Recovery Right .......................................... 20
Policy Changes ............................................... 21
Assignment ................................................... 21
Termination ................................................... 21
Loss Payable Clause ........................................ 22

**INDEX OF POLICY PROVISIONS** ........................ 24

THE COMPANY NAMED IN THE DECLARATIONS
Administrative Offices: Warwick, Rhode Island

# AUTO INSURANCE POLICY

## INSURANCE AGREEMENT AND DECLARATIONS

This insurance policy is a legal contract between **you** (the policyholder) and **us** (the Company named in the Declarations). It insures **you** and **your automobile** for the various kinds of insurance **you** have selected, as shown in the Declarations. The Declarations are an important part of this policy. By accepting this policy, **you** agree that the statements contained in the Declarations and in any application are **your** true and accurate representations. This policy is issued and renewed in reliance upon the truth of those representations. This policy contains all agreements between **you** and **us** and any of **our** sales representatives relating to this insurance. **You** must pay the required premium.

The exact terms and conditions are explained in the following pages.

## GENERAL DEFINITIONS

The following words and phrases appear in bold-face type repeatedly throughout this policy. They have a special meaning and are to be given that meaning whenever used in connection with this policy and any endorsement which is part of this policy:

**"AUTOMOBILE"** means a private passenger automobile, pick-up truck, panel truck or van, designed for use mainly on public roads.

**"BODILY INJURY"** means any bodily injury, sickness, disease or death sustained by any person.

**"LOSS"** means direct and accidental loss or damage.

**"MOTOR VEHICLE"** means a land motor vehicle designed for use mainly on public roads other than:

1. a farm type tractor or other farm equipment designed for use principally off public roads, while not upon public roads;

2. a vehicle operated on rails or crawler-treads;

3. a vehicle while located for use as a residence or premises; or

4. a vehicle used as a dwelling or place of business.

**"OCCUPYING"** and **"OCCUPIED"** mean being in or upon, entering into, or alighting from a **motor vehicle.**

**"PROPERTY DAMAGE"** means physical injury to or destruction of tangible property, including the loss of use of such property.

**"RELATIVE"** means a person related to **you** by blood, marriage or adoption (including a ward or foster child) and who resides in **your** household.

**"TRAILER"** means a trailer designed for use with an **automobile** which is not used as an office, store,

display, or passenger trailer. A farm wagon or farm implement is a trailer when used with an **automobile**.

**"WE", "US", "OUR"** and **"COMPANY"** mean the company named in the Declarations.

**"YOU"** and **"YOUR"** mean the person(s) named in the Declarations of this policy as named insured and the spouse of such person or persons if a resident of the same household.

## AUTOMOBILE LIABILITY

### ADDITIONAL DEFINITIONS FOR THIS COVERAGE

The following definitions apply to this coverage only:

**"COVERED AUTOMOBILE"** means:

1. an **automobile** owned by **you** or hired under a written contract for one year or more, which is described in the Declarations, and for which a specific premium is charged.

2. an **automobile** newly acquired by **you**, if:

   a. it replaces a vehicle described in the Declarations; or

   b. it is an additional **automobile**, but only if:

      i. **we** insure all other **automobiles** owned by **you** on the date of acquisition;

      ii. **you** notify **us** within 30 days of acquisition of **your** election to make this and no other policy issued by **us** applicable to the **automobile**; and

      iii. **you** pay any additional premium required by **us**.

3. a **substitute automobile**.

**"INSURED"** means:

1. with respect to a **covered automobile**:

   a. **you**;

   b. any **relative**; or

   c. any other person using it within the scope of **your** permission.

2. with respect to a **non-owned automobile**, **you** or any **relative**.

   The operation or use of such vehicle must have been with the permission of, or reasonably believed to have been with the permission of, the owner.   The operation or use must also have been within the scope of the permission given.

3. any other person or organization if liable due to the acts or omissions of any person described in 1. or 2. above. This provision does not apply if the vehicle is a **non-owned automobile** owned or hired by the person or organization.

**"NON-OWNED AUTOMOBILE"** means:

1. an **automobile** which is not owned by, furnished to, or made available for regular use to **you** or any resident in **your** household.

   EXCEPTION: An **automobile** owned by, furnished to, or made available for regular use to any resident in **your** household, is considered a **non-owned automobile** when used by **you.**

2. a commercially rented **automobile** used by **you** or a **relative** on a temporary basis.

**"SUBSTITUTE AUTOMOBILE"** means a **motor vehicle** not owned by **you** or any resident of the same household and which is used with the owner's permission to replace for a short time a **covered automobile.** The covered **automobile** has to be out of use for servicing or repair or because of breakdown, **loss** or destruction.

**COVERAGE PROVIDED**

**We** will pay damages for **bodily injury** and **property damage** to others for which the **law** holds an **insured** responsible because of an accident which results from the ownership, maintenance or use of a **covered automobile**, a **non-owned automobile** or a **trailer** while being used with a **covered automobile** or **non-owned automobile. We** will defend the **insured**, at **our** expense with attorneys of **our** choice, against any suit or claim seeking these damages. **We** may investigate, negotiate or settle any such suit or claim.

**ADDITIONAL BENEFITS WE WILL PROVIDE**

In addition to the limits of liability, **we** will pay the following expenses incurred in connection with any claim or suit to which the policy applies:

1. Premiums on the following bonds:

   a. Appeal bonds in any suit **we** defend.

   b. Bonds to release attachments in any suit **we** defend. The total amount of the bonds must not exceed **our** limit of liability.

   c. Up to $250 for any bail bond needed because of an accident or traffic violations arising out of the ownership, maintenance or use of a **covered automobile.**

   **We** have no duty to furnish or apply for any bonds.

2. Court costs levied against the **insured.**

3. Post-judgment interest on all damages following a judgment until **we** pay, offer or deposit in court the amount due up to **our** limit of liability.

4. Expenses incurred by the **insured** for first aid to others at the time of a **motor vehicle** accident.

5. Up to $200 per day for lost wages, but not for loss of other income, if **we** ask the **insured** to attend a hearing or trial.

6. Other reasonable expenses incurred at **our** request.

## COVERAGE EXCLUSIONS

**We** do not cover:

A. **bodily injury** to any employee of an **insured** arising out of his or her employment, except domestic employees who are not covered or required to be covered under any workers compensation law.

B. **bodily injury** to a fellow employee while on the job and arising from the use of a **motor vehicle** or **trailer** in the business of his employers.

   EXCEPTION: **You** are covered in this situation.

C. **bodily injury** or **property damage** covered under an atomic or nuclear energy liability insurance policy, or that would have been covered had that policy not been terminated upon exhaustion of its limit of liability.

D. any **motor vehicle** rented to others or used to carry persons for a charge.

   EXCEPTION: This exclusion does not apply to shared expense car pools.

E. **bodily injury** or **property damage** arising out of the business or occupation of selling, leasing, repairing, servicing, storing, or parking vehicles or **trailers**.

   EXCEPTION: This exclusion does not apply to the use of a **covered automobile** by **you**, a **relative**, or by any other person in any such business in which **you** have an interest as owner or partner.

F. any **non-owned automobile** while used by any person in any business or occupation.

   EXCEPTION: This exclusion does not apply to an **automobile** or **trailer** used therewith, if driven or **occupied** by **you** or **your** chauffeur or domestic servant.

G. **property damage** caused by any **insured** to:

   1. an **automobile** that is owned by, rented to, operated by, or in the care of that **insured**; or

   2. any other property that is owned by, rented to, or in the care of any **insured**. This exclusion does not apply to a rented dwelling or private garage.

H. **bodily injury** or **property damage** caused intentionally by or at the direction of an **insured**.

I. **bodily injury** to **you** or any person related to an **insured** by blood, marriage, or adoption who resides in the same household. This exclusion applies regardless of whether demand is made or suit is brought against the **insured** by the injured person or by a third party seeking contribution or indemnity.

J. **bodily injury** or **property damage** awards designated as punitive, exemplary, or statutory multiple damages.

K. any **motor vehicle** while it is located inside a facility designed for racing, for the purpose of competing in, practicing for, or preparing for, any prearranged or organized racing or speed contest.

L. a **non-owned automobile** while used by a **relative** who owns, leases or has available for their regular use, a **motor vehicle** not described in the Declarations.

M. any motorized vehicle which has less than four wheels.

## LIMIT OF LIABILITY

The limit of liability shown in the Declarations for "each person" for Bodily Injury Liability is the most **we** will pay for all damages, including damages for care, loss of consortium, emotional distress, loss of services or death, arising out of **bodily injury** sustained by any one person as the result of any one accident. Subject to this limit for "each person", the limit shown in the Declarations for "each accident" for Bodily Injury Liability is the most **we** will pay for all damages, including damages for care, loss of consortium, emotional distress, loss of services or death, arising out of **bodily injury** sustained by two or more persons resulting from any one accident.

The limit of liability shown in the Declarations for "each accident" for Property Damage Liability is the most **we** will pay for all damages to all property resulting from any one accident.

If a single limit of liability is shown in the Declarations for **bodily injury** and **property damage**, it is the maximum **we** will pay for any one accident for all damages, including damages for care, loss of consortium, emotional distress, loss of services or death.

The limit of liability shown in the Declarations for this coverage is **our** maximum limit of liability for all damages resulting from any one accident. This is the most **we** will pay regardless of the number of:

1. covered persons;

2. claims made;

3. vehicles or premiums shown in the Declarations; or

4. vehicles involved in the accident.

A **motor vehicle** and attached **trailer** are considered one vehicle.

If notice of this policy is given in lieu of security or if **we** certify this policy as proof under any financial responsibility law, the limit of liability will be applied to provide separate limits for **bodily injury** liability and **property damage** liability to the extent required by such law. Such separate application will not increase the total limit of **our** liability.

## CONFORMITY WITH FINANCIAL RESPONSIBILITY LAWS

If **we** certify this policy under any financial responsibility law, this liability coverage will comply to the extent of the liability coverage and limits required by the law.

## OUT OF STATE INSURANCE

If any **insured** becomes subject to a financial responsibility law or the compulsory insurance law or similar laws of another state or Canada because of the ownership, maintenance, or use of a **covered automobile** in that state or Canada, **we** will interpret this policy to provide the coverage required by those laws. The coverage provided shall be reduced to the extent that other automobile liability insurance applies. No person may in any event collect more than once for the same **loss**.

## REDUCTIONS

Any amount payable to any person under this section will be reduced by any amount that person is paid under the Uninsured and Underinsured Motorists coverage portion of this policy.

## OTHER INSURANCE

If there is other similar insurance, **we** will pay **our** fair share.

However, with respect to a **non-owned automobile** or a **substitute automobile**, this insurance will be excess over any other insurance. If there is other excess or contingent insurance, **we** will pay **our** fair share.

**Our** fair share is the proportion that **our** limit bears to the total of all applicable limits.

## PERSONAL INJURY PROTECTION

If applicable, see special state provisions.

## AUTOMOBILE MEDICAL EXPENSE

### ADDITIONAL DEFINITIONS FOR THIS COVERAGE

The following definitions apply to this coverage only:

**"COVERED AUTOMOBILE"** means:

1. an **automobile** owned by **you** or hired under a written contract for one year or more, which is described in the Declarations, and for which a specific premium is charged.

2. an **automobile** newly acquired by **you**, if:

   a. it replaces a vehicle described in the Declarations; or

   b. it is an additional **automobile**, but only if:

      i. **we** insure all other **automobiles** owned by **you** on the date of acquisition;

      ii. **you** notify **us** within 30 days of acquisition of **your** election to make this and no other policy issued by **us** applicable to the **automobile**; and

      iii. **you** pay any additional premium required by **us**.

3. a **substitute automobile**.

**"MEDICAL EXPENSES"** means usual, customary and reasonable expenses for necessary medical, surgical, x-ray, ambulance, hospital, professional nursing, funerals and dental services, including prosthetic devices.

**"NON-OWNED AUTOMOBILE"** means:

1. an **automobile**, while being used by **you** or a **relative** with the owner's permission, which is not owned by, furnished to, or made available for regular use to **you** or any resident in **your** household.

   EXCEPTION: An **automobile** owned by, furnished to, or made available for regular use to any resident in **your** household, is considered a **non-owned automobile** when used by **you**.

2. a commercially rented **automobile** used by **you** or a **relative** on a temporary basis.

"**SUBSTITUTE AUTOMOBILE**" means a **motor vehicle** not owned by **you** or any resident of the same household and which is used with the owner's permission to replace for a short time a **covered automobile**. The **covered automobile** has to be out of use for servicing or repair or because of breakdown, **loss** or destruction.

## COVERAGE PROVIDED

**We** will pay reasonable **medical expenses** incurred by **you** or any **relative** for **bodily injury** as a result of an accident involving a **motor vehicle** or **trailer** while being used with an **automobile**.

**We** will pay reasonable **medical expenses** incurred by any other person for **bodily injury** as a result of:

1. **occupying** or using a **covered automobile** at the time of the accident with **your** consent;

2. being struck by a **covered automobile**; or

3. occupying a **non-owned automobile** if the **bodily injury** results from the operation or occupancy of such **non-owned automobile** by **you** or a **relative**.

## COVERAGE EXCLUSIONS

**We** do not cover:

A. **medical expenses** incurred for services furnished more than three years after the date of accident.

B. any person injured while in a vehicle located for use as a residence or premises.

C. that portion of any **medical expense** for which benefits are available under any:

    1. premises insurance which affords benefits for **medical expenses;**

    2. law which provides workers compensation or disability benefits; or

    3. personal injury protection coverage of this policy.

D. **bodily injury** sustained while **occupying:**

    1. a motorized vehicle having less than four wheels; or

    2. a vehicle located for use as a residence or premises.

E. a **covered automobile** while hired or rented to others for a charge, or any **automobile** which **you** are driving while available for hire by the public.

    EXCEPTION: This exclusion does not apply to:

    1. **bodily injury** sustained as a pedestrian; or

    2. shared expense car pools.

F. **bodily injury** arising out of the business or occupation of selling, leasing, repairing, servicing, storing, or parking vehicles or **trailers**.

EXCEPTION:  This exclusion does not apply to:

1. **bodily injury** sustained as a pedestrian; or

2. the use of a **covered automobile** by **you**, a **relative**, or by any other person in any business or occupation of selling, leasing, repairing, servicing, storing, or parking vehicles or **trailers**, in which **you** have an interest as owner or partner.

G. any **non-owned automobile** while used by any person in any business or occupation.

EXCEPTION:  This exclusion does not apply to:

1. **bodily injury** sustained as a pedestrian; or

2. an **automobile** or its attached **trailer** used by **you, your** chauffeur or domestic servant.

H. medical treatment that is experimental in nature which is not accepted as effective therapy by:

1. the state medical association or board;

2. an approved medical specialty board; or

3. the American Medical Association.

I. a **non-owned automobile** while used by a **relative** who owns, leases or has available for their regular use, a **motor vehicle**.

## LIMIT OF LIABILITY

The limit shown in the Declarations for "each person" is the maximum **we** will pay for any one person as a result of any one accident.

The limit of liability shown in the Declarations for this coverage is **our** maximum limit of liability for all damages resulting from any one accident.  This is the most **we** will pay regardless of the number of:

1. covered persons;

2. claims made;

3. vehicles or premiums shown in the Declarations; or

4. vehicles involved in the accident.

The total amount **we** will pay includes funeral and burial expenses not to exceed $1000 for each person.

## OTHER INSURANCE

If there is other similar insurance, **we** will pay **our** fair share.  However, with respect to a **non-owned automobile** or a **substitute automobile**, this insurance will be excess over any other insurance.  If there is other excess or contingent insurance, **we** will pay **our** fair share.  This coverage shall be excess over any personal injury protection benefits paid or payable, except for a deductible under this or any other motor vehicle insurance policy, for **bodily injury** to an eligible person.

**Our** fair share is the proportion that **our** limit bears to the total of all applicable limits.

MPL 6010-000    Printed in U.S.A. 0900

## MEDICAL EXPENSE REVIEW

At our option, we may use various cost containment and utilization review measures to identify excessive or inappropriate treatments and expenses.   For example, we may use medical bill audits, case management, preferred provider discounts or other such tools.

## UNINSURED AND UNDERINSURED MOTORISTS

### ADDITIONAL DEFINITIONS FOR THESE COVERAGES

The following definitions apply to these coverages only:

"COVERED AUTOMOBILE" means:

1. an automobile described in the Declarations to which the Automobile Liability coverage of this policy applies and for which a specific premium is charged.

2. an automobile newly acquired by you, if:

   a. it replaces a vehicle described in the Declarations; or

   b. it is an additional automobile, but only if:

      i. we insure all other automobiles owned by you on the date of acquisition;

      ii. you notify us within 30 days of acquisition of your election to make this and no other policy issued by us applicable to the automobile; and

      iii. you pay any additional premium required by us.

3. a substitute automobile.

4. a motor vehicle, while being operated by you or a relative with the owner's permission, which is not owned by, furnished to, or made available for the regular use to you or any relative in your household.

   EXCEPTION:  A motor vehicle owned by, furnished to, or made available for regular use to any relative in your household is covered when operated by you.

"SUBSTITUTE AUTOMOBILE" means a motor vehicle not owned by you or any resident of the same household and which is used with the owner's permission to replace for a short time a covered automobile.  The covered automobile has to be out of use for servicing or repair or because of breakdown, loss or destruction.

"UNINSURED MOTOR VEHICLE" means:

1. a motor vehicle for which, at the time of the accident, there is no insurance policy or other financial security applicable to the owner, or operator, or any other liable person or organization.

2. a motor vehicle which has a bodily injury liability bond or insurance policy in effect at the time of the accident, but the amount of bodily injury coverage under such bond or insurance policy is less than the minimum financial security requirements of the state in which the covered automobile is principally garaged.

3. a **motor vehicle** which has a bodily injury liability bond or insurance policy in effect at the time of the accident, but the company writing such bond or policy denies coverage, or is or becomes insolvent.

4. a hit and run **motor vehicle** which causes **bodily injury** to a person covered under this section as the result of striking that person or a **motor vehicle** which that person is **occupying** at the time of the accident, if:

   a. the identity of the driver and the owner of the hit and run vehicle is unknown;

   b. the accident is reported within 24 hours to a police officer, a peace or judicial officer, or the Commissioner or Director of Motor Vehicles;

   c. the injured person or someone on their behalf files with **us** within 30 days of the accident a statement under oath that the injured person or their legal representative has a cause of action due to the accident for damages against someone whose identity is unknown; and

   d. the injured person or their legal representative makes available for inspection by **us**, when requested, the **motor vehicle occupied** by that person at the time of the accident.

The term **uninsured motor vehicle** does not include:

1. a **covered automobile** or **motor vehicle** regularly furnished or available for the use of **you** or any **relative**;

2. an **automobile** owned and operated by a self-insurer as defined in the applicable motor vehicle financial responsibility law, compulsory insurance law, motor carrier law, or any other similar applicable law; or

3. an **automobile** owned by the United States of America, Canada, a state, a political subdivision of any such government, or an agency of any of the foregoing.

**"UNDERINSURED MOTOR VEHICLE"** means a **motor vehicle** which has a bodily injury liability bond or insurance policy in effect at the time of the accident, in at least the minimum amount required by the state in which the **covered automobile** is principally garaged, but less than the limits of this coverage provided by this policy as stated in the Declarations.

The term **underinsured motor vehicle** does not include:

1. a **covered automobile** or **motor vehicle** regularly furnished or available for the use of **you** or any **relative**;

2. an **automobile** owned and operated by a self-insurer as defined in applicable motor vehicle financial responsibility law, compulsory insurance law, motor carrier law, or any other similar applicable law; or

3. an **automobile** owned by the United States of America, Canada, a state, a political subdivision of any such government, or an agency of any of the foregoing.

## UNINSURED MOTORISTS COVERAGE

This coverage is provided only if a premium is shown in the Declarations.

**We** will pay damages for **bodily injury** sustained by:

1. **you** or a **relative**, caused by an accident arising out of the ownership, maintenance, or use of an

uninsured motor vehicle, which **you** or a **relative** are legally entitled to collect from the owner or driver of an **uninsured motor vehicle**; or

2. any other person, caused by an accident while **occupying** a **covered automobile**, who is legally entitled to collect from the owner or driver of an **uninsured motor vehicle.**

**We** will also pay damages to any person for damages that person is entitled to recover because of **bodily injury** sustained by anyone described in 1. or 2. above.

## UNDERINSURED MOTORISTS COVERAGE

This coverage is provided only if a premium is shown in the Declarations.

**We** will pay damages for **bodily injury** sustained by:

1. **you** or a **relative**, caused by an accident arising out of the ownership, maintenance, or use of an **underinsured motor vehicle**, which **you** or a **relative** are legally entitled to collect from the owner or driver of an **underinsured motor vehicle**; or

2. any other person, caused by an accident while **occupying** a **covered automobile**, who is legally entitled to collect from the owner or driver of an **underinsured motor vehicle.**

**We** will also pay damages to any person for damages that person is entitled to recover because of **bodily injury** sustained by anyone described in 1. or 2. above.

## COVERAGE EXCLUSIONS

**We** do not cover:

A. any person **occupying** or struck by a **motor vehicle** owned by **you** or a **relative**, other than a **covered automobile.**

B. any person who settles a **bodily injury** claim, with any liable party, without **our** written consent.

C. any claim which would benefit any insurer or self-insurer under any workers compensation, disability benefits, or similar law.

D. any claim for which benefits are provided under the Personal Injury Protection or Medical Expense coverage of this policy.

E. any person, other than **you**, or a **relative**, while **occupying:**

1. a **covered automobile** while it is being used to carry persons or property for a fee.

   EXCEPTION: This exclusion does not apply to shared expense car pools.

2. a vehicle while being used without the permission of the owner.

F. **bodily injury** or **property damage** awards designated as punitive, exemplary, or statutory multiple damages.

G. a **relative** who owns, leases or has available for their regular use, a **motor vehicle** not described in the Declarations.

## SETTLEMENT

Whether any person is legally entitled to collect damages under this section, and the amount to which such person is entitled, will be determined by agreement between that person and **us**. Upon written consent of both parties, any disagreement will be settled by arbitration.

When arbitration applies, it will take place under the rules of the American Arbitration Association, unless other means are required by law or are agreed to by the injured party and **us**.

If a person seeking coverage files a suit against the owner or driver of the **uninsured** or **underinsured motor vehicle**, copies of suit papers must be forwarded to **us** and **we** have the right to defend on the issues of the legal liability of, and the damages owed by, such owner or driver. However, **we** are not bound by any judgment against any person or organization obtained without **our** written consent.

## LIMIT OF LIABILITY

The limit of liability shown in the Declarations for "each person" is the most **we** will pay for all damages, including damages for care, loss of consortium, emotional distress, loss of services or death, arising out of **bodily injury** sustained by any one person as the result of any one accident. Subject to this limit for "each person", the limit shown in the Declarations for "each accident" for **bodily injury** liability, is the most **we** will pay for all damages, including damages for care, loss of consortium, emotional distress, loss of services or death, arising out of **bodily injury** sustained by two or more persons resulting from any one accident. This is the most **we** will pay regardless of the number of:

1. covered persons;

2. claims made;

3. vehicles or premiums shown in the Declarations; or

4. vehicles involved in the accident.

## REDUCTIONS

The lesser of the limits of this insurance or the amount payable under this coverage will be reduced by any amount:

1. paid by or on behalf of any liable parties.

2. paid or payable under any workers compensation, disability benefits or similar laws.

3. paid or payable under the **AUTOMOBILE LIABILITY** section of this policy.

## OTHER INSURANCE

If there is other similar insurance, **we** will pay only **our** fair share. The total amount of recovery under all policies will be limited to the highest of the applicable limits of liability of this insurance and such other insurance.

**Our** fair share is the proportion that **our** limit bears to the total of all applicable limits. However, if **you** do not own the **motor vehicle**, **our** insurance will be excess over other similar uninsured or underinsured insurance available but only in the amount by which the limit of liability of this policy exceeds the limits of liability of the other available insurance. If there is other excess or contingent insurance, **we** will pay **our** fair share.

No payments will be made until the limits of all other liability insurance and bonds that apply have been exhausted by payments.

## PHYSICAL DAMAGE

### ADDITIONAL DEFINITIONS FOR THESE COVERAGES

The following definitions apply to these coverages only:

**"ACTUAL CASH VALUE"** means the amount that it would cost to repair or replace damaged property, less allowance for physical deterioration and depreciation.

**"COLLISION"** means the upset of an **automobile** or the contact of an **automobile** with another object or vehicle.

**"COVERED AUTOMOBILE"** means:

1. an **automobile** or a **trailer** designed for use with an **automobile**, owned by **you** or hired under a written contract for one year or more and for which a specific premium is shown in the Declarations.

2. an **automobile** newly acquired by **you**, subject to the following:

   a. If Comprehensive or Collision coverage applies to any **automobile** shown in the Declarations:

      i. **we** will apply the broadest of these coverages to the newly acquired **automobile**;

      ii. **you** must notify **us** within 30 days of acquisition, of **your** election to make this and no other policy issued by **us** applicable to the newly acquired **automobile**; and

      iii. **you** must pay any additional premium required by **us**.

   b. If Comprehensive or Collision coverage does not apply to any **automobile** shown in the Declarations:

      i. **we** will provide Comprehensive and Collision coverage subject to a $500 **deductible** for the newly acquired **automobile**;

      ii. **you** must notify **us** within 6 days of acquisition, of **your** election to make this and no other policy issued by **us** applicable to the newly acquired **automobile**; and

      iii. **you** must pay any additional premium required by **us**.

3. a **substitute automobile**.

**"DEDUCTIBLE"** means the amount of **loss** to be paid by **you**. **We** pay for covered **loss** above the deductible amount.

**"NON-OWNED AUTOMOBILE"** means:

1. an **automobile** or **trailer** while being used by **you** or a **relative**, with the owner's permission, which is not owned by, furnished to, or made available for regular use to **you** or any resident in **your** household.

   EXCEPTION: An **automobile** or a **trailer** owned by, furnished to, or made available for regular use to

any resident in **your** household, is considered a **non-owned automobile** when used by **you.**

2. a commercially rented **automobile** or **trailer** used by **you** or a **relative** on a temporary basis.

**"SUBSTITUTE AUTOMOBILE"** means an automobile or a trailer not owned by **you** or any resident of the same household and which is used with the owner's permission to replace for a short time a **covered automobile.** The **covered automobile** has to be out of use for servicing or repair or because of breakdown, **loss** or destruction.

## COVERAGES PROVIDED

The following coverages are applicable only if indicated in the Declarations. They apply to the vehicles for which a premium is shown.

## COMPREHENSIVE

**We** will pay for **loss** to **your covered automobile** or to a **non-owned automobile,** including its equipment, not caused by **collision,** minus any applicable **deductible** shown in the Declarations. Coverage is included for a **loss** caused by, but not limited to, the following:

1. Falling objects or contact with a bird or animal;

2. Fire, explosion or earthquake;

3. Theft or larceny;

4. Windstorm, hail, water or flood;

5. Malicious mischief or vandalism;

6. Riot or civil commotion; or

7. Breakage of glass, even if caused by **collision. If your** Comprehensive and Collision coverages have different **deductibles,** the smaller **deductible** will apply to broken glass.

## COLLISION

**We** will pay for **loss** to **your covered automobile** or to a **non-owned automobile,** caused by **collision,** including its equipment, minus any applicable **deductible** shown in the Declarations.

**Deductible Waiver: We** will waive the **deductible** if the **loss** is the result of **collision** with another vehicle insured by **us.**

## TOWING AND LABOR

This coverage is provided for vehicles covered under Comprehensive or Collision, as shown in the Declarations.

If the **covered automobile** is disabled, **we** will pay up to the maximum limit shown in the Declarations for the costs of labor done at the place of disablement and costs of towing for each disablement.

The **deductible** does not apply to the above payments.

### SUBSTITUTE TRANSPORTATION

**We** will pay for the cost of substitute transportation if the **covered automobile** is disabled as a result of a **loss** covered under Comprehensive or Collision. For **loss** caused by theft of the **covered automobile**, this coverage is provided in lieu of the substitute transportation costs provided by item 3. of **ADDITIONAL COSTS WE WILL PAY.**

Payment will begin the day the **covered automobile** is:

1. out of use due to the **loss**, but, in the case of theft of the entire vehicle, 48 hours after the theft is reported to **us**; or

2. the day **you** leave it at the repair shop.

Payment will be made for the reasonable and necessary time required to repair or replace the **covered automobile**, but, in the case of theft of the entire vehicle, until **we** offer settlement for the theft.

**We** will pay for rental from an auto rental agency, as shown in the Declarations, up to the amount per day, but not more than the maximum amount for each disablement for any one **loss**.

However, if **you** do not rent from an auto rental agency, **we** will pay **you** $12 per day, but not more than the limit shown in the Declarations for each disablement for any one **loss**.

No **deductible** shall apply to payment for substitute transportation.

### ADDITIONAL COSTS WE WILL PAY

1. If a disablement occurs as a result of **loss** to the **covered automobile**, we will pay up to $25 for transportation to reach the intended destination.

2. If a **loss** is caused to the **covered automobile** by a peril insured against under this section, **we** will pay up to $300 for **loss** to clothes and luggage belonging to **you** or a **relative** which are in the **covered automobile**.

3. If the **covered automobile** is stolen, **we** will pay up to $25 per day for substitute transportation for the period that will begin 48 hours after the theft is reported to **us** and will end when **we** offer settlement for the theft. If **you** do not rent from an auto rental agency, **we** will pay **you** $12 per day. However, the total amount **we** will pay will not be more than $750.

4. **We** will pay general average and salvage charges for which **you** become legally liable for transporting the **covered automobile**.

The **deductible** does not apply to the above payments.

### COVERAGE EXCLUSIONS

**We** do not cover:

A. any **automobile** while used to carry persons for a fee.

   EXCEPTION: This does not apply to shared expense car pools.

B. a **motor vehicle** not owned by **you** while being used in the business or occupation of selling, leasing, repairing, servicing, storing, or parking **motor vehicles** or **trailers**.

C. any **loss** due and confined to wear and tear, freezing, or mechanical or electrical breakdown, unless the **loss** results from a theft.

D. tires unless stolen, damaged by fire or vandalism, or unless another **loss** happens at the same time for which there is coverage under this policy.

E. **loss** to any electronic equipment designed for the reception, recording or reproduction of sound or video, and any accessories used with such equipment. This includes, but is not limited to:

   1. radios and televisions;

   2. tape decks;

   3. compact disc players; or

   4. video cassette recorders.

   This exclusion does not apply if the equipment is operated solely from the electrical system of the vehicle and is:

   a. permanently installed in a housing unit or location used by the **automobile** manufacturer for such equipment; or

   b. a component that is removable from a housing unit permanently installed in the location used by the **automobile** manufacturer for such equipment.

F. **loss** to electronic equipment designed for receiving or transmitting audio, visual or data signals and any accessories used with such equipment. This includes, but is not limited to:

   1. citizens band radios;

   2. two-way mobile radios;

   3. telephones; or

   4. personal computers.

   This exclusion does not apply to:

   a. any electronic equipment that operates solely from the electrical system of, and is necessary for the normal operation of the vehicle.

   b. a telephone permanently installed in a location in the dashboard or console of the vehicle used by the **automobile** manufacturer for a telephone.

G. **loss** to tapes, records, discs, other media or other devices designed for use with equipment described in exclusions E. and F.

H. **loss** to a camper or living quarters unit designed for mounting on an **automobile**, unless the unit is reported to **us** and the required premium is paid before the **loss**.

I. **loss** due to war, civil war, insurrection, rebellion, or revolution.

J. **loss** due to radioactive contamination.

K. **loss** due to destruction or confiscation by governmental or civil authorities.

L. **loss** to an **automobile** located inside a facility designed for racing, for the purpose of competing in, practicing for, or preparing for, any prearranged or organized racing or speed contest.

M. a **non-owned automobile** while used by a **relative** who owns, leases or has available for their regular use, a **motor vehicle**.

N. radar and laser detectors.

O. **loss** to **your covered automobile** or any **non-owned automobile** due to any actual or perceived loss in market or resale value.

## MAXIMUM AMOUNT WE WILL PAY

**Our** payments will not exceed the lesser of:

1. the **actual cash value** of the property at the time of **loss;** or

2. the cost to repair or replace the property with other of like kind and quality.

If the **loss** is only to a part of the property, **our** responsibility extends to that part only.

The most we will pay for **loss** to a trailer you do not own is $500.

## OTHER INSURANCE

If **you** have other insurance against a **loss** covered by this policy, **we** will pay **our** fair share. **Our** fair share is the proportion that **our** limit bears to the total of all applicable limits. However, any insurance **we** provide with respect to **non-owned automobiles** or **substitute automobiles** will be excess over any other collectible insurance.

## YOUR DUTIES IN THE EVENT OF LOSS

**You** must:

1. protect the **automobile** from further loss. **We** will pay **you** for reasonable expenses incurred for this protection. **We** will not cover any **loss** which results from **your** failure to protect the **automobile** from further **loss.**

2. file with **us** a proof of **loss** within 91 days or within the number of days required by law.

3. show **us** the damaged property and submit to examination under oath upon request.

## NO BENEFIT TO BAILEE

This coverage shall not directly or indirectly benefit any carrier or bailee for hire for **loss** to the **covered automobile.**

## RIGHT TO APPRAISAL

If within 60 days after proof of **loss** is filed, there is a disagreement as to the amount, **you** or **we** may demand an appraisal. Each party will select a competent appraiser. Each appraiser will state separately the **actual cash value** and the amount of **loss.** If they fail to agree, they must select and submit their

differences to a competent and disinterested umpire. Agreement by any two will determine the amount of **loss**. Each party will pay his chosen appraiser and will equally share the expenses of the appraisal and umpire.

## PAYMENT OF LOSS

**We** may pay for the **loss** in money, repair the damaged property, or replace the damaged or stolen property. **We** may, at any time before the **loss** is paid or the property replaced, return at **our** own expense any stolen property. **We** will return the property to **you** or to the address shown in the Declarations, at **our** option. **We** may take all or part of the damaged property at the agreed or appraised value, but **you** cannot abandon the property to **us**. **We** may settle any claim or **loss** either with **you**, the owner, or any other party who has an interest, title, or lien on the property.

## GENERAL POLICY CONDITIONS

### 1. TERRITORY AND POLICY PERIOD

This policy applies to accidents and **losses** which happen while the policy is in effect:

a. in the United States, its territories or possessions;

b. in Canada;

c. while the **covered automobile** is being shipped between their ports; and

d. during the policy period shown by the effective date and expiration date in the Declarations, or until the effective date and time of cancellation at **your** address shown in the Declarations.

### 2. PREMIUM CHANGES

a. All premiums for this policy will be computed in accordance with **our** rules, rates, rating plans, premiums and minimum premiums which apply to the insurance provided by this policy. The premiums **we** charge are based on the information provided by **you** on **your** application and other information **we** possess. **We** are permitted to adjust **your** premiums when this information changes.

Changes during the policy period that may result in a premium increase or decrease include, but are not limited to, changes in:

i. the number, type or use classification of the **covered automobiles.**

ii. operators using the **covered automobiles,** including **you, relatives** and all licensed drivers in **your** household.

iii. the principal garaging of the **covered automobiles.**

iv. coverage, **deductible** or limits of the policy.

If a change requires a premium adjustment, **we** will adjust the premium as of the effective date of the change. Premiums are payable on the dates set forth by **us.**

b. **We** will round all premium adjustments made for any reason to the nearest dollar, in accordance with the manuals in use.

c. The policy premium may be re-computed upon expiration of the Policy Period as shown in the Declarations.

### 3. FRAUD AND MISREPRESENTATION

All coverages under this policy are void if, whether before or after a **loss**, **you** or any person seeking coverage has:

a. concealed or misrepresented any material fact or made any fraudulent statements; or

b. in the case of any fraud or attempted fraud, affected any matter regarding this policy or any **loss** for which coverage is sought.

### 4. OTHER AUTOMOBILE INSURANCE WITH US

If two or more automobile insurance policies issued by **us** apply to any accident or **loss**, the most **we** will pay is the highest dollar limit or benefit in any one such policy.

### 5. IF AN ACCIDENT OR LOSS OCCURS

**You** or someone on **your** behalf must notify **us** as soon as possible of any accident or **loss**. The notification should include as many details as possible, including names and addresses of drivers, injured persons and witnesses, and the time, place, and circumstances of the accident or **loss**. **We** may require it in writing.

In the event of a theft, **you** must promptly notify the police. If a claim or suit is made, immediately forward to **us** every claim, demand, notice, summons, or other process.

If any legal action is begun before **we** make payment under any coverage, a copy of the summons and complaint or other process must be forwarded to **us** immediately.

### 6. YOUR DUTY TO COOPERATE

**You** must cooperate with **us** in every effort to investigate the accident or **loss**, settle any claims and defend **you**.

**You** must attend hearings and trials and assist in securing and giving evidence and obtaining the attendance of witnesses. Except at **your** own cost, **you** will not voluntarily make any payment, assume any obligation, or incur any expense, other than for first aid to others at the time of the accident.

Under Uninsured and Underinsured Motorists coverage, **we** may require **you** to take appropriate action to preserve **your** right to recover damages from any other person responsible for the **bodily injury**. Also, in any lawsuit against **us**, **we** may require **you** to join the responsible person as a defendent.

**You** must submit to examinations under oath as often as **we** may reasonably require.

These duties also apply to any other person making a claim under this policy.

### 7. LAWSUITS AGAINST US

**You** may not sue **us** unless there is full compliance with all of the terms of the policy.

**You** may not sue **us** under the Automobile Liability coverage until the amount of legal  liability has been finally determined either by judgment after actual trial or by written agreement of **you**, the

claimant and **us**. However, no one has the right to make **us** a party in a suit to determine legal responsibility. **Your** bankruptcy or insolvency will not relieve **us** of any obligation under this policy.

**You** may not sue **us** under Physical Damage coverage until 30 days after proof of **loss** is filed and the amount of **loss** is determined as provided in this policy.

These conditions also apply to any other person insured under this policy.

## 8. MEDICAL REPORTS; PROOF AND PAYMENT OF CLAIM

Any person making a claim as a result of **bodily injury**, which may result in payment from Personal Injury Protection coverage or Automobile Medical Expense coverage, must notify **us** in writing. This notification should be sent to **us** as soon as reasonably possible after the person's first examination or treatment resulting from the **bodily injury**. Another person may give **us** the required notice on behalf of the person making a claim.

Any person making a claim must, as soon as possible:

a. give **us** details about the death, injury, treatment, and other information **we** need to determine the amount payable. **We** have the right to make or obtain a review of **medical expenses** and services to determine if they are reasonable and necessary for the **bodily injury** sustained. Forms for providing this information may be provided by **us**.

b. consent to be examined by physicians chosen and paid by **us** when, and as often as, **we** reasonably may require.

c. execute authorizations to permit **us** to obtain medical reports and records. If the person is dead or unable to act, such authorizations must be executed by his or her legal representative.

d. submit to and provide all details concerning **loss** information through written or recorded statements or examinations under oath as often as **we** reasonably may require.

Under Personal Injury Protection coverage and Automobile Medical Expense coverage, **we** may pay the injured person or any person or organization rendering the services. Any such payment will reduce the total amount **we** will pay for the injury. Any payment by **us** will not constitute admission of liability.

Under Personal Injury Protection coverage and Uninsured and Underinsured Motorists coverage, **we** may pay any amount due to:

a. the injured person;

b. if the injured person is a minor, his parent or guardian;

c. if the person is deceased, the surviving spouse;

d. the person authorized by law to receive such payment; or

e. the person entitled by law to recover the damages, which the payment represents.

## 9. OUR RECOVERY RIGHT

In the event of any payment under this policy, **we** are entitled to all of the rights of recovery of the person to whom, or on whose behalf, payment was made.

That person must:

a. hold in trust for **us** all rights of recovery.

b. sign and deliver to **us** any legal papers relating to the recovery.

c. help **us** exercise those rights and do nothing after **loss** to prejudice **our** rights.

In the event of recovery, **we** must be repaid for all amounts paid out by **us** plus any related collection expenses. **We** will enforce this provision only in the manner and to the extent permitted under all applicable state laws.

10. **POLICY CHANGES**

a. This policy contains all of the agreements between **you** and **us.** The terms of this policy may not be changed or waived except by endorsement issued by **us.**

b. **We** will automatically give **you** the benefits of any extension or broadening of coverage if a policy change does not require additional premiums. The change will automatically apply to **your** policy as of the date **we** implement the change in **your** state.

c. **We** may replace this policy to reflect any changes introduced since it was issued. Paragraph b. of this section does not apply to changes implemented with a general revision that includes both the broadening and restriction of coverage, whether that general revision is implemented through introduction of:

i. a future edition of **your** policy; or

ii. an endorsement changing the policy.

However, any replacement policy will not change the limits of coverage with respect to any accident or **loss** which occurs before it was replaced.

11. **ASSIGNMENT**

No change of interest in this policy is effective unless **we** consent in writing by means of endorsement to this policy.

If **you** die, this policy will continue for:

a. the surviving spouse if a resident of the same household;

b. any legal representative to the extent he is acting within the scope of his duties as such; or

c. any person having proper temporary custody of the **covered automobile.**

12. **TERMINATION**

**CANCELLATION**

**You** may cancel this policy by telling **us** on what future date **you** wish to stop coverage.

**We** can cancel this policy by delivering to **you** or by mailing to **you,** at **your** last known address shown on **our** records, notice stating when the cancellation will be effective. This notice will be

mailed to **you** not less than the minimum statutory time permitted by state law, but:

1. not less than 10 days:

    a. for non-payment of premium; or.

    b. if this policy has been in effect less than 60 days at the time notice of cancellation is mailed; and

2. not less than 20 days prior to the effective date of cancellation for underwriting reasons if **your** driver's license or the license of any other driver who either resides in the same household or customarily operates the **covered automobile** has been suspended or revoked during the 12 month period preceding the effective date of cancellation.

## NONRENEWAL

If **we** decide not to renew or continue **your** policy, **we** will mail notice to **you** at the last known address shown on **our** records. Notice will be mailed at least 20 days before the end of the policy period. **We** will have the right not to renew or continue at the expiration date shown in the Declarations.

If **we** offer to renew or continue and **you** do not accept, this policy will automatically terminate at the end of the current policy period. Failure to pay the required renewal or continuation premium when due shall mean that **you** have not accepted **our** offer.

## OTHER TERMINATION PROVISIONS

a. If **you** obtain other insurance on **your covered automobile,** any similar insurance provided by this policy will terminate as to that **automobile** on the effective date of the other insurance.

b. If the law in effect in **your** state at the time this policy is issued, renewed or continued:

    i.   requires a longer notice period;

    ii.  requires a special form of or procedure for giving notice; or

    iii. modifies any of the stated termination reasons;

    **we** will comply with those requirements.

c. Proof of mailing of any notice shall be sufficient proof of notice.

d. If **you** cancel, premium may be computed on a short rate basis. If **we** cancel, premium shall be computed on a pro-rata basis. Return premium shall be rounded to the nearest dollar. Any refund may be returned either at the time cancellation is effected or as soon as possible after cancellation becomes effective, but refund or offer of refund is not a condition of cancellation.

e. The effective date of cancellation or termination stated in the notice shall become the end of the policy period.

## 13. LOSS PAYABLE CLAUSE

If a loss payee is shown in the Declarations, **we** may pay any comprehensive or **collision loss** to:

a. **you** and, if unpaid, the repairer;

b. **you** and the loss payee, as its interest may appear, when **we** find it is not practical to repair the **covered automobile;** or

c. the loss payee, as to its interest, if the **covered automobile** has been repossessed.

When **we** pay the loss payee for **loss, we** are entitled to the loss payee's right of recovery to the extent of **our** payment. **Our** right of recovery shall not impair the loss payee's right to recover the full amount of its claim.

The coverage for the loss payee's interest will not be invalidated by any act or neglect of **you** or the owner or person legally in possession of the vehicle except:

a. when **you** or the owner or person legally in possession of the **covered automobile** makes fraudulent statement(s) or engages in fraudulent conduct in connection with any **loss** for which coverage is sought.

b. when the vehicle is intentionally damaged, destroyed or concealed:

   i. by or at the direction of **you** or the owner or person legally in possession of the vehicle; or

   ii. as a result of any other act which constitutes a breach of contract between **you** or the owner and the loss payee.

c. if **you** do not have any insurable interest in the **covered automobile.**

The loss payee must file a claim in writing and comply with the conditions of the policy.

The loss payee's interest may be terminated as permitted by the terms and conditions of the policy and the date of termination of the loss payee's interest will be at least 10 days after the date **we** mail the termination notice.

IN WITNESS WHEREOF, **we** have caused this policy to be signed by its President and its Secretary at Warwick, Rhode Island. In the event that the President or Secretary who signed this contract cease to be **our** officers either before or after the contract is issued, the contract may be issued with the same effect as if they were still **our** officers.

Secretary

President

## INDEX OF POLICY PROVISIONS

| | |
|---|---|
| Additional Benefits We Will Provide | 3 |
| Additional Costs We Will Pay | 15 |
| Additional Definitions For This Coverage | 2, 6, 9, 13 |
| Actual Cash Value | 13 |
| Collision | 13 |
| Covered Automobile | 2, 6, 9, 13 |
| Deductible | 13 |
| Insured | 2 |
| Medical Expenses | 6 |
| Non-Owned Automobile | 3, 6, 13 |
| Substitute Automobile | 3, 7, 9, 14 |
| Uninsured Motor Vehicle | 9 |
| Underinsured Motor Vehicle | 10 |
| Automobile Liability Coverage | 2 |
| Assignment | 21 |
| | |
| Cancellation | 21 |
| Clothes And Luggage | 15 |
| Collision Coverage | 14 |
| Comprehensive Coverage | 14 |
| Conformity With Financial Responsibility Laws | 5 |
| Coverage Provided | 3, 7, 14 |
| | |
| Deductible | 13, 14 |
| Disablement | 14 |
| | |
| Exclusions | |
| Liability | 4 |
| Medical Expense | 7 |
| Uninsured And Underinsured Motorists | 11 |
| Physical Damage | 15 |
| | |
| Fraud and Misrepresentation | 19 |
| | |
| General Definitions | 1 |
| Automobile | 1 |
| Bodily Injury | 1 |
| Loss | 1 |
| Motor Vehicle | 1 |
| Occupying, Occupied | 1 |
| Property Damage | 1 |
| Relative | 1 |
| Trailer | 1 |
| We, Us, Our, Company | 2 |
| You, Your | 2 |

| | |
|---|---|
| General Policy Conditions | 18 |
| | |
| If An Accident Or Loss Occurs | 19 |
| | |
| Lawsuits Against Us | 19 |
| Loss Payable Clause | 22 |
| Limit Of Liability | 5, 8, 12 |
| | |
| Maximum Amout We Will Pay | 17 |
| Medical Expense Review | 9 |
| Medical Reports; Proof And Payment Of Claim | 20 |
| | |
| No Benefit To Bailee | 17 |
| Nonrenewal | 22 |
| | |
| Other Automobile Insurance With Us | 19 |
| Other Insurance | 6, 8, 12, 17 |
| Other Termination Provisions | 22 |
| Our Recovery Right | 20 |
| Out Of State Insurance | 5 |
| | |
| Payment Of Loss | 18 |
| Premium Changes | 18 |
| Policy Changes | 21 |
| | |
| Reductions | 5, 12 |
| Right To Appraisal | 17 |
| | |
| Salvage Charges | 15 |
| Settlement | 12 |
| Substitute Transportation Coverage | 15 |
| Substitute Transportation | 15 |
| | |
| Termination | 21 |
| Territory And Policy Period | 18 |
| Towing And Labor Coverage | 14 |
| | |
| Uninsured Motorists Coverage | 10 |
| Underinsured Motorists Coverage | 11 |
| | |
| Your Duties In The Event Of A Loss | 17 |
| Your Duty To Cooperate | 19 |

# ENDORSEMENT FL550

## FLORIDA
## PHYSICAL DAMAGE
## SPECIAL LOSS SETTLEMENT

Under the **PHYSICAL DAMAGE** section:

1. the following is provided for vehicles covered under Comprehensive or Collision:

   **RENTAL CAR - Additional Costs We Will Pay:**

   **We** will pay expenses for **loss** of use, diminished value and reasonable fees and charges which **you** become legally obligated to pay as a result of direct and accidental damage to a commercially rented automobile rented by **you** or a **relative** on a temporary basis.

2. the following are added to **MAXIMUM AMOUNT WE WILL PAY:**

   **REPLACEMENT COST FOR SPECIAL PARTS**

   We will not take a deduction for depreciation for **loss** to, steering and suspension components, brake parts, electrical wiring and components, batteries, and tires if repair or replacement results in a better part than was damaged.  This does not apply to theft of tires or batteries, unless the entire vehicle was stolen.

   If the **loss** is only to a part of the property, **our** responsibility extends to that part only.

   **REPLACEMENT COST FOR TOTAL LOSS**

   If the **covered automobile** is owned by **you** and sustains a **total loss** within:

   a.  one year after purchase; or

   b.  the vehicle's first 15,000 miles,

   whichever occurs first, **we** will pay the full cost of replacement, less the applicable **deductible.**

   This coverage applies only to a **covered automobile** that has not been previously titled and is not more than one model year old when purchased by **you.**

   This does not apply to a **substitute automobile**, a **non-owned automobile** or a vehicle leased under a long-term contract of 6 months or more.

   The following conditions apply:

   1.  **Our** liability for any **loss** will not be more than the cost to replace the damaged property with:

       a.  a previously untitled vehicle of the year, make, model and equipment of the damaged **automobile** or, if unavailable,

       b.  a vehicle that is most similar in class and body type to the year, make, model and equipment of the damaged **automobile.**

   2.  **We** will not pay for any **loss** before the actual replacement is completed.

   3.  **We** have the right to pay the **loss** in money or to replace the damaged **automobile.**

**"TOTAL LOSS"** means a **loss** in which the cost to replace or repair the vehicle to its pre-loss condition plus the salvage value, equals or exceeds the **actual cash value**.

All other provisions of the policy apply except as modified by this endorsement.

# ENDORSEMENT FL600E

## FLORIDA
## PERSONAL INJURY PROTECTION

Subject to all of the provisions of this endorsement and to all of the provisions of the policy, except as modified, below:

### DEFINITIONS

The following definitions apply to Personal Injury Protection coverage only:

"BODILY INJURY" means bodily injury, sickness or disease, including death at any time resulting therefrom.

"EMERGENCY MEDICAL CONDITION" means a medical condition manifesting itself by acute symptoms of sufficient severity, which may include severe pain, such that the absence of immediate medical attention could reasonably be expected to result in any of the following:

1. serious jeopardy to patient health;

2. serious impairment to bodily functions; or

3. serious dysfunction of any bodily organ or part.

"INSURED MOTOR VEHICLE" means a motor vehicle:

1. of which you are the owner;

2. with respect to which security is required to be maintained under the Florida Motor Vehicle No-Fault Law; and

3. a. for which a premium is charged; or

   b. a trailer designed for use with a private passenger automobile or if not used for business purposes, a trailer designed for use with a pickup truck, panel truck or van.

"MEDICAL EXPENSES" means reasonable expenses, reimbursable under the Florida Motor Vehicle No-Fault Law, for medically necessary, medical, surgical, x-ray, dental, ambulance, hospital, professional nursing and rehabilitative services, and prosthetic devices. This definition does not alter the manner in which reimbursement of medical expenses is limited under the "Limit of Liability" section of this endorsement.

"MEDICALLY NECESSARY" means a medical service or supply that a prudent physician would provide for the purpose of preventing, diagnosing, or treating an illness, injury, disease, or symptom in a manner that is:

1. in accordance with generally accepted standards of medical practice;

2. clinically appropriate in terms of type, frequency, extent, site, and duration; and

3. not primarily for the convenience of the patient, physician, or other health care provider.

"MOTOR VEHICLE" means:

1. any self-propelled vehicle with four or more wheels which is:

   a. designed; and

# ENDORSEMENT FL600E

    b.  required to be licensed;

    for use on the highways of Florida.

  2.  any trailer or semi-trailer designed for use with such vehicle.

A **motor vehicle** does not include:

1.  any **motor vehicle** which is:

    a.  owned by a:

        i.   municipality;

        ii.  transit authority; or

        iii.  political subdivision of the state;

    b.  used in mass transit, other than public school transportation; and

    c.  designed to transport more than five passengers exclusive of the operator of the **motor vehicle**.

2.  a mobile home.

"**OCCUPYING**" means in or upon or entering into or alighting from.

"**OWNER**" means a person or organization who holds the legal title to a **motor vehicle** and also includes:

1.  a debtor having the right to possession, in the event a **motor vehicle** is the subject of a security agreement.

2.  a lessee having the right to possession, in the event a **motor vehicle** is the subject of a lease which:

    a.  has an option to purchase; and

    b.  is for a period of six months or more.

3.  a lessee having the right to possession, in the event a **motor vehicle** is the subject of a lease which:

    a.  does not have the option to purchase;

    b.  is for a period of six months or more; and

    c.  provides that the lessee shall be responsible for securing insurance.

"**PEDESTRIAN**" means a person while not an occupant of any self-propelled vehicle.

"**RELATIVE**" means a person related to **you** by blood, marriage, or adoption (including a ward or foster child) who is a resident of the same household as **you**.

"**REPLACEMENT SERVICES EXPENSES**" means with respect to the period of disability of the injured person all expenses reasonably incurred in obtaining from others ordinary and necessary services in lieu of those that, but for such injury, the injured person would have performed without income for the benefit of his or her household.

# ENDORSEMENT FL600E

**"WE", "US"** and **"OUR"** mean the company named in the Declarations.

**"WORK LOSS"** means with respect to the period of disability of the injured person any loss of income and earning capacity from inability to work proximately caused by the injury sustained by the injured person.

**"YOU"** and **"YOUR"** mean the person or persons named in the Declarations of this policy as named insured and the spouse of such person if a resident of the same household.

## PERSONAL INJURY PROTECTION COVERAGE

We will pay to or for the benefit of the injured person:

1.  80% of **medical expenses** in accordance with Florida Statute s. 627.736(5)(a)(1) if the injured person or persons receive initial services and care within 14 days after the **motor vehicle** accident;

2.  60% of **work loss**;

3.  **replacement service expenses**; and

4.  death benefits;

as a result of **bodily injury** caused by an accident arising out of the ownership, maintenance or use of a **motor vehicle** and sustained by:

1.  **you** or any **relative** while:

    a.  **occupying** a motor vehicle; or

    b.  a **pedestrian** through being struck by a **motor vehicle.**

2.  any other person while:

    a.  **occupying** the **insured motor vehicle**; or

    b.  a **pedestrian** through being struck by the **insured motor vehicle.**

However, **we** will not pay any **medical expenses**:

1.  to:

    a.  a broker, as defined by the Florida Motor Vehicle No-Fault Law; or

    b.  any person making a claim on behalf of such broker.

2.  to any health care provider or facility that has not met the criteria set forth under the Florida Motor Vehicle No-Fault Law.

3.  to licensed massage therapists or licensed acupuncturists may not be reimbursed for **medical expense** benefits.

4.  any other **medical expense**, claim or charge that an insured or insurer is not required to pay under the Florida Motor Vehicle No Fault Law.

## COVERAGE EXCLUSIONS

This insurance does not apply:

# ENDORSEMENT FL600E

A. to **you** or any **relative** while **occupying** a **motor vehicle** of which **you** are the **owner** and which is not an **insured motor vehicle** under this Insurance.

B. to any person while operating the **insured motor vehicle** without **your** express or implied consent.

C. to any person if such person's conduct contributed to his or her **bodily injury** under any of the following circumstances:

   1. causing **bodily injury** to himself or herself intentionally; or

   2. while committing a felony.

D. to **you** or any **relative** for **work loss** if an entry in the Declarations indicates such coverage does not apply.

E. to any **pedestrian** other than **you** or any **relative**, not a legal resident of the State of Florida.

F. to any person other than **you** if such person is the **owner** of a **motor vehicle** for which security is required under the Florida Motor Vehicle No-Fault Law.

G. to any person other than **you** or any **relative** who is entitled to Personal Injury Protection benefits from the **owner** of a **motor vehicle** which is not an **insured motor vehicle** under this insurance or from the **owner's** insurer.

H. to any person who sustains **bodily injury** while **occupying** a **motor vehicle** located for use as a residence or premises.

## LIMIT OF LIABILITY; APPLICATION OF DEDUCTIBLE; OTHER INSURANCE

A. $10,000 is the total aggregate limit of Personal Injury Protection benefits available from all sources combined, including this policy, for all **medical expenses**, **work loss**, and **replacement service expenses** incurred by or on behalf of any one person who sustained **bodily injury** as the result of any one accident.

   However, if any licensed physician, dentist, physician assistant, or an advanced registered nurse practitioner has not determined that the injured person had an **emergency medical condition**, the limit for **medical expenses**, is $2500.

B. **We** will pay death benefits of $5000 per person. Death benefits are in addition to the Personal Injury Protection limit above.

C. This limit applies regardless of the number of:

   1. persons insured;

   2. policies or bonds applicable;

   3. vehicles involved; or

   4. claims made.

D. **We** will limit reimbursement of **medical expenses** under Personal Injury Protection Coverage to 80 percent of a properly billed reasonable charge, but in no event will **we** pay more than 80 percent of the following schedule of maximum charges as set forth in Florida Statute s. 627.736(5)(a)(1):

   1. For emergency transport and treatment by providers licensed under Chapter 401, Florida

# ENDORSEMENT FL600E

Statutes, 200 percent of Medicare.

2.  For emergency services and care provided by a hospital licensed under Chapter 395, Florida Statutes, 75 percent of the hospital's usual and customary charges.

3.  For emergency services and care as defined by s. 395.002, Florida Statutes, provided in a facility licensed under Chapter 395, Florida Statutes, rendered by a physician or dentist, and related hospital inpatient services rendered by a physician or dentist, the usual and customary charges in the community.

4.  For hospital inpatient services, other than emergency services and care, 200 percent of the Medicare Part A prospective payment applicable to the specific hospital providing the inpatient services.

5.  For hospital outpatient services, other than emergency services and care, 200 percent of the Medicare Part A Ambulatory Payment Classification for the specific hospital providing the outpatient services.

6.  For all other medical services, supplies, and care, 200 percent of the allowable amount under:

    a.  The participating physicians fee schedule of Medicare Part B, except as provided in b. and c. below.

    b.  Medicare Part B, in the case of services, supplies, and care provided by ambulatory surgical centers and clinical laboratories.

    c.  The Durable Medical Equipment Prosthetics/Orthotics and Supplies fee schedule of Medicare Part B, in the case of durable medical equipment.

However, if such services, supplies, or care is not reimbursable under Medicare Part B, as provided in 6. above, we will limit reimbursement to 80 percent of the maximum reimbursable allowance under workers' compensation, as determined under s. 440.13, Florida Statutes, and rules adopted thereunder which are in effect at the time such services, supplies, or care is provided.  Services, supplies, or care that is not reimbursable under Medicare or workers' compensation will not be reimbursed by us.

For the purposes of the above, the applicable fee schedule or payment limitation under Medicare is the fee schedule or payment limitation in effect on March 1 of the year in which the services, supplies, or care is rendered and for the area in which such services, supplies, or care is rendered, and the applicable fee schedule or payment limitation applies throughout the remainder of that year, notwithstanding any subsequent change made to the fee schedule or payment limitation, except that it will not be less than the allowable amount under the applicable schedule of Medicare Part B for 2007 for medical services, supplies, and care subject to Medicare Part B.

E.  Any amounts payable under this insurance shall be reduced by the amount of benefits an injured person has recovered or is entitled to recover for the same elements of loss under:

1.  the workers' compensation laws of any state;

2.  the Federal Government; or

3.  the Medicaid program.

If any benefits are paid to the injured person under the Medicaid program we will repay the full amount to Medicaid within 30 days after receiving notice that Medicaid paid the benefits.

F.  Before the application of any percentage limitation, the amount of any deductible stated in the

# ENDORSEMENT FL600E

Declarations shall be deducted from the total amount of the expenses and losses listed under Personal Injury Protection coverage which are incurred by or on behalf of each person to whom the deductible applies and who sustains **bodily injury** as the result of any one accident.

Any deductible stated in the Declarations does not apply to death benefits.

G. No one will be entitled to receive duplicate payments for the same items of loss and expense under this or any other insurance. If benefits have been received under the Florida Motor Vehicle No-Fault Law, from another insurer for the same items of loss and expense for which benefits are available under this policy, that insurer is entitled to recover from **us** its equitable pro rata share of the benefits paid and expenses incurred in processing the claim.

If a person sustains **bodily injury**:

1. while occupying; or

2. through being struck by;

a **motor vehicle** rented or leased under a rental or lease agreement, the Personal Injury Protection coverage afforded under the lessor's policy shall be primary. However, the Personal Injury Protection coverage afforded under this policy shall be primary if the face of the rental or lease agreement contains in at least 10 point type, the following language:

The valid and collectible liability insurance of any authorized rental or leasing driver is primary for the limits of personal injury protection coverage required by 324.021(7) and 627.7360 Florida Statutes.

## POLICY PERIOD AND TERRITORY

The insurance under this section applies only to accidents which occur during the policy period:

1. in the State of Florida;

2. as respects **you** or a **relative** or any other person who sustains **bodily injury** while **occupying** the **insured motor vehicle** outside the State of Florida but within the United States of America, its territories or possessions or Canada; and

3. as respects **you**, while **occupying** the **motor vehicle** of which a **relative** is the owner and for which security is maintained under the Florida Motor Vehicle No-Fault Law, outside the State of Florida but within the United States of America, its territories or possessions or Canada.

## CONDITIONS

1. **Notice.** In the event of an accident, written notice of the loss must be given to **us** or any of **our** authorized agents as soon as practicable.

   If any injured person or his legal representative shall institute legal action to recover damages for **bodily injury** against a third party, a copy of the summons and complaint or other process served in connection with such legal action shall be forwarded as soon as practicable to **us** by such injured person or his legal representative.

2. **Action Against Us.** No legal action may be brought against us unless there is full compliance with all terms of this policy. In addition, no legal action may be brought against **us**:

   a. until 30 days after the required written notice of loss and reasonable proof of claim has been filed with **us**; and

## ENDORSEMENT FL600E

b. until a demand letter is provided to **us**; and

c. with respect to an overdue claim, until 30 business days from the date of receipt of the demand letter by **us**;

in accordance with the Florida Motor Vehicle No-Fault Law.

The demand letter shall be mailed to **us** by certified mail or registered mail, return receipt requested.

If legal action is brought against **us**, all claims related to the same health care provider for the same person shall be brought in one action, unless good cause is shown why such claims should be brought separately.

3. **Proof Of Claim; Medical Reports And Examinations; Payment Of Claim Withheld.** As soon as practicable the person making claim shall give **us** written proof of claim, under oath if required. Such proof shall include:

a. full details of the nature and extent of the injuries and treatment received and contemplated; and

b. such other information as may assist **us** in determining the amount due and payable.

The person making claim shall submit to mental or physical examinations when and as often as **we** may reasonably require. **We** will:

a. pay for these exams; and

b. forward a copy of the medical report to such person if requested.

If the person unreasonably refuses to submit to an examination **we** will not be liable for subsequent Personal Injury Protection benefits.

Any person making claim shall submit to examination under oath and subscribe the same.

Whenever a person making claim is charged with committing a felony, **we** shall withhold benefits until at the trial level:

a. the prosecution makes a formal entry on the record that it will not prosecute the case against the person;

b. the charge is dismissed; or

c. the person is acquitted.

Upon receiving notice of an accident that may be covered by Personal Injury Protection benefits, **we** will, as required under the Florida Motor Vehicle No-Fault law, withhold $5000 of Personal Injury Protection benefits for payment to physicians or dentists who provide emergency services and care or who provide hospital inpatient care. The amount withheld may be used only to pay claims from such physicians or dentists until 30 days after the date **we** receive the notice of the accident. After the 30-day period, any amount withheld for which **we** have not received notice of such claims may be used by **us** to pay other claims.

The time periods specified in paragraph 2. above for payment of Personal Injury Protection benefits are tolled for the period of time that **we** are required by law to hold payment of a claim that is not from such physician or dentist, provided that the Personal Injury Protection benefits not withheld are insufficient to pay the claim.

# ENDORSEMENT FL600E

4. **Reimbursement And Subrogation.** Unless prohibited by the Florida Motor Vehicle No-Fault Law, and in the event of payment to or for the benefits of any injured person under this insurance:

   a. **we** are subrogated to the rights of the person to whom or for whose benefit such payments were made to the extent of such payments. Such person shall execute and deliver the instruments and papers and do whatever else is necessary to secure such rights. Such person shall do nothing after **loss** to prejudice such rights

   b. **we** shall, to the extent of **our** payment, be entitled to reimbursement from the **owner** or insurer of the **owner** of a commercial motor vehicle as defined in the Florida Motor Vehicle No-Fault Law if such injured person sustained the injury while:

      i. **occupying**; or

      ii. a **pedestrian** through being struck by;

         such commercial motor vehicle.

      However, **our** right of reimbursement under b. does not apply to the owner or registrant of a **motor vehicle** used as a taxi cab.

## MODIFICATION OF POLICY COVERAGES

Any Automobile Medical Expense coverage or Uninsured Motorists coverage or Underinsured Motorists coverage afforded by this policy shall be excess over any Personal Injury Protection benefits paid or payable or which would be available but for the application of a deductible.

If Automobile Medical Expense coverage is afforded by this policy, that insurance:

1. shall be applicable for **medical expenses** incurred within one year beginning on the date all Personal Injury Protection benefits have been exhausted or three years from the date of accident.

2. shall allow recovery of the 20% of **medical expenses** not reimbursed under the Personal Injury Protection coverage.

## PROVISIONAL PREMIUM

In the event of any change in the:

1. rules;

2. rates;

3. rating plan;

4. premiums; or

5. minimum premiums;

applicable to this coverage, because of an adverse judicial finding as to the constitutionality of any provisions of the Florida Motor Vehicle No-Fault Law providing for the exemption of persons from tort liability, the premium stated in the Declarations for any Liability, Medical Expense and Uninsured Motorists insurance shall be deemed provisional and subject to recomputation.

If this policy is a renewal policy, such recomputation shall include the amount of any return premium previously credited or refunded to **you** in accordance with the Florida Motor Vehicle No-Fault Law, with

# ENDORSEMENT FL600E

respect to insurance afforded under a previous policy.

If the final premium thus recomputed exceeds the premium stated in the Declarations, **you** shall pay to **us:**

1. the excess amount; and

2. the amount of any return premium previously credited or refunded.

# ENDORSEMENT FL700D

## FLORIDA
## STATE PROVISIONS

A.  Under **AUTOMOBILE LIABILITY:**

1.  **OUT OF STATE INSURANCE** is deleted and replaced by:

    **OUT OF STATE INSURANCE**

    If any **insured** becomes subject to a financial responsibility law or the compulsory insurance law or similar laws of another state or Canada because of the ownership, maintenance, or use of a **covered automobile** in that state or Canada, **we** will interpret this policy to provide the coverage required by those laws.  No person may in any event collect more than once for the same **loss.**

2.  **OTHER INSURANCE** is deleted and replaced by:

    **OTHER INSURANCE**

    If there is other similar insurance, **we** will pay **our** fair share.

    However, with respect to a **non-owned automobile**, this insurance will be excess over any other insurance.  If there is other excess or contingent insurance, **we** will pay **our** fair share.

    **Our** fair share is the proportion that **our** limit bears to the total of all applicable limits.

    However, **we** will provide primary insurance for a **non-owned automobile** if:

    1.  the **non-owned automobile** is leased by **you** under a written rental or lease agreement; and

    2.  the face of the rental or lease agreement contains, in at least 10-point type, the following language:

        The valid and collectible liability insurance of any authorized rental or leasing driver is primary for the limits of liability coverage required by §§324.021(7) and 627.736, Florida Statutes.

B.  Under **AUTOMOBILE MEDICAL EXPENSE:**

1.  **COVERAGE PROVIDED**, item 2. is deleted and replaced by:

    2.  being struck by a **covered automobile** while a pedestrian; or

3.  **LIMIT OF LIABILITY,** the last sentence is deleted and replaced by:

    The total amount **we** will pay includes funeral and burial expenses not to exceed $1750 for each person.

C.  Under **PHYSICAL DAMAGE:**

1.  **COMPREHENSIVE**, the following is added:

    EXCEPTION:  No deductible shall be applicable to **loss** or damage to the windshield of a **covered automobile** or **non-owned automobile.**

2.  **SUBSTITUTE TRANSPORTATION** is deleted and replaced by:

## ENDORSEMENT FL700D

### SUBSTITUTE TRANSPORTATION

**We** will pay for the cost of substitute transportation if the **covered automobile** is disabled as a result of a **loss** covered under Comprehensive or Collision. For **loss** caused by theft of the **covered automobile**, this coverage is provided in lieu of the substitute transportation costs provided by item 3. of **ADDITIONAL COSTS WE WILL PAY**.

Payment will begin the day the **covered automobile** is:

1. out of use due to the **loss**, but, in the case of theft of the entire vehicle, 48 hours after the theft is reported to **us**; or

2. the day **you** leave it at the repair shop.

Payment will be made for the reasonable and necessary time required to repair or replace the **covered automobile**, but, in the case of theft of the entire vehicle, until the **covered automobile** is returned to **you** or until **we** pay for its loss.

**We** will pay for rental from an auto rental agency, as shown in the Declarations, up to the amount per day, but not more than the maximum amount for each disablement for any one **loss**.

However, if **you** do not rent from an auto rental agency, **we** will pay **you** $12 per day, but not more than the limit shown in the Declarations for each disablement for any one **loss**.

No **deductible** shall apply to payment for substitute transportation.

3. **ADDITIONAL COSTS WE WILL PAY** is deleted and replaced by:

### ADDITIONAL COSTS WE WILL PAY

1. If a disablement occurs as a result of **loss** to the **covered automobile**, **we** will pay up to $25 for transportation to reach the intended destination.

2. If a **loss** is caused to the **covered automobile** by a peril insured against under this section, **we** will pay up to $300 for **loss** to clothes and luggage belonging to **you** or a **relative** which are in the **covered automobile**.

3. If the **covered automobile** is stolen, **we** will pay up to $25 per day for substitute transportation for the period that will begin 48 hours after the theft is reported to **us** and will end when **we** pay for the **loss**. If **you** do not rent from an auto rental agency, **we** will pay **you** $12 per day. However, the total amount **we** will pay will not be more than $750.

4. **We** will pay general average and salvage charges for which **you** become legally liable for transporting the **covered automobile**.

The **deductible** does not apply to the above payments.

4. **RIGHT TO APPRAISAL** is deleted and replaced by:

### RIGHT TO APPRAISAL

If within 60 days after proof of **loss** is filed there is a disagreement as to the amount, **you** or **we** may demand an appraisal. Upon notice of a demand for appraisal, the opposing party may, prior to appraisal, demand mediation of the dispute in accordance with the **MEDIATION** condition

# ENDORSMENT FL700D

contained in the **GENERAL POLICY CONDITIONS** section of the policy. The mediation must be completed before a demand for appraisal can be made. In the event of a demand for appraisal, each party will select a competent appraiser. Each appraiser will state separately the **actual cash value** and the amount of **loss**. If they fail to agree, they must select and submit their differences to a competent and disinterested umpire. Agreement by any two will determine the amount of **loss**. Each party will pay his chosen appraiser and will equally share the expenses of the appraisal and umpire.

D. Under **GENERAL POLICY CONDITIONS:**

1. Item 12. **TERMINATION** is deleted and replaced by:

    **12. TERMINATION**

    **CANCELLATION**

    **You** may cancel this policy by telling **us** on what future date **you** wish to stop coverage. However, if this policy provides Personal Injury Protection, or Property Damage Liability coverage, or both **you** may not cancel within the first 60 days immediately following the effective date of the policy unless:

    1. **your covered automobile** has been totally destroyed so that it is no longer operable on the roads of Florida;

    2. **you** transfer ownership of **your covered automobile,**

    3. **you** obtain other insurance on **your covered automobile,** or

    4. **you** are a member of the United States Armed Forces and are called to or on active duty outside the United States in an emergency situation.

    **You** may cancel for any reason after this policy is in effect for 60 days.

    **We** can cancel this policy by delivering to **you** or by mailing to **you,** at **your** last known address shown on **our** records, notice stating when the cancellation will be effective. This notice will be mailed to **you:**

    1. not less than 10 days for nonpayment of premium.

    2. not less than 45 days for any other reason.

    If this is a new policy, **we** will not cancel for nonpayment of premium during the first 60 days following the policy effective date. However, **we** may cancel if a check used to pay **us** is dishonored for any reason.

    After this policy is in effect for 60 days, **we** will cancel only:

    1. for nonpayment of premium;

    2. for material misrepresentation or fraud; or

    3. **your** driver's license or the license of any other driver who either resides in the same household or customarily operates the **covered automobile** has been suspended or revoked during the policy period or the 180 days immediately preceding the original

# ENDORSEMENT FL700D

effective date of the policy

In any case of termination of this policy by **us**, **our** mailing of notice to **your** last known address on **our** records will constitute proof of notice as of the date **we** mail it. **We** will comply with any law that contains different requirements relating to the termination of this policy.

## NONRENEWAL

If **we** decide not to renew or continue **your** policy, **we** will mail notice to **you** at the last known address shown on **our** records. Notice will be mailed at least 45 days before the end of the policy period. **We** will have the right not to renew or continue at the expiration date shown in the Declarations.

If **we** offer to renew or continue and **you** do not accept, this policy will automatically terminate at the end of the current policy period. Failure to pay the required renewal or continuation premium when due shall mean that **you** have not accepted **our** offer.

## OTHER TERMINATION PROVISIONS

a. If **you** obtain other insurance on **your covered automobile**, any similar insurance provided by this policy will terminate as to that **automobile** on the effective date of the other insurance.

b. If the law in effect in **your** state at the time this policy is issued, renewed or continued:

    i. requires a longer notice period;

    ii. requires a special form of or procedure for giving notice; or

    iii. modifies any of the stated termination reasons;

    **we** will comply with those requirements.

c. Proof of mailing of any notice shall be sufficient proof of notice.

d. If **you** cancel, premium may be computed on a short rate basis. If **you** are a member of the United States Armed Forces and are called to or on active duty outside the United States in an emergency situation, **you** may cancel this policy and any return premium will be computed on a pro rata basis. If **we** cancel, premium shall be computed on a pro rata basis. Return premium shall be rounded to the nearest dollar.

e. If **you** are entitled to a premium refund, **we** will send **you** the refund as follows:

    i. If this policy is cancelled by **us**, **we** will send **you** the refund within 15 days after the effective date of cancellation.

    ii. If this policy is cancelled by **you**, **we** will send **you** the refund within 30 days after the later of the:

       (1) effective date of cancellation; or

       (2) receipt of notice or request for cancellation.

# ENDORSEMENT FL700D

    f.   The effective date of cancellation or termination in the notice shall became the end of the policy period.

2. The following condition is added:

**MEDIATION**

In any claim filed with **us** for:

1.   **loss** resulting from **bodily injury** in the amount of $10,000 or less;

2.   **property damage; or**

3.   **loss to your covered automobile** or any **non-owned automobile;**

either party may demand mediation of the claim, prior to taking legal action, by filing a written request with the Department of Financial Services on a form which may be obtained from the Department. The request must state:

1.   why mediation is being requested; and

2.   the issues in dispute which are to be mediated.

Only one mediation may be requested for each claim, unless all parties agree to further mediation. A party demanding mediation shall not be entitled to demand or request mediation after a suit is filed relating to the same facts already mediated.

The Department shall randomly select mediators. Each party may reject one mediator, either before or after the opposing side has rejected a mediator. The mediator will notify the parties of the date, time and place of the mediation conference, which will be held within 45 days of the request for mediation. The conference may be held by telephone, if feasible.

The mediation shall be conducted as an informal process and formal rules of evidence and procedure need not be observed. Participants must:

1.   have authority to make a binding decision; and

2.   mediate in good faith.

Costs of the mediation shall be shared equally by both parties unless the mediator determines that one party has not mediated in good faith.

All other provisions of the policy apply except as modified by this endorsement.

# ENDORSEMENT FL702B

## FLORIDA
## SPECIAL PROVISIONS ENDORSEMENT

I. Under **AUTOMOBILE LIABILITY:**

    A. ADDITIONAL DEFINITIONS FOR THIS COVERAGE:

        1. **"COVERED AUTOMOBILE"**, item 1. is deleted and replaced by:

            1. any **motor vehicle** described in the Declarations.

        2. **"INSURED"**, item 3. is deleted and replaced by:

            3. any other person or organization if liable due to the acts or omissions of any person described in 1. or 2. above. This provision does not apply:

                a. if the vehicle is a **non-owned automobile** owned or hired by the person or organization.

                b. to the United States of America or any of its agencies.

        3. **"NON-OWNED AUTOMOBILE"**, item 2. is deleted and replaced by:

            2. a commercially rented **automobile**, or truck which has a Gross Vehicle Weight Rating of under 26,000 lbs., used by **you** or a **relative** on a temporary basis.

    B. **COVERAGE PROVIDED**, the following is added:

        Damages include prejudgment interest awarded against **you** or any **relative**.

    C. **COVERAGE EXCLUSIONS, We** do not cover:

        1. item K. is deleted and replaced by:

            K. any **motor vehicle** while **you** or any **relative** are competing in, practicing for, or preparing for, any prearranged or organized racing, speed contest, hill climbing exhibition or other contest or demonstration.

        2. the following items are added:

            a. **bodily injury** or **property damage** due to a nuclear reaction, nuclear discharge, radiation or radioactive contamination including any cleanup, decontamination or containment activities.

            b. **bodily injury** or **property damage** directly or indirectly caused by or resulting from inhalation, ingestion, existence or exposure to fungi, mold, mushrooms, bacteria, mildew and any mycotoxins, spores, scents or by-products produced by any of these.

            c. **bodily injury** or **property damage** arising out of the use of a **motor vehicle** by an employee of the United States Government. This applies only if the provisions of Section 2679 of Title 28, United States Code as amended, require the Attorney General of the United States to defend the employee in any civil action.

II. Under **AUTOMOBILE MEDICAL EXPENSE:**

# ENDORSEMENT FL702B

A. **ADDITIONAL DEFINITIONS FOR THIS COVERAGE:**

1. **"COVERED AUTOMOBILE"**, item 1. is deleted and replaced by:

   1. any **motor vehicle** described in the Declarations.

2. **"NON-OWNED AUTOMOBILE"**, Item 2. is deleted and replaced by:

   2. a commercially rented **automobile**, or truck which has a Gross Vehicle Weight Rating of under 26,000 lbs., used by **you** or a **relative** on a temporary basis.

B. **COVERAGE EXCLUSIONS, We** do not cover:

1. Item I. is deleted and replaced by:

   I. a **non-owned automobile** while used by a **relative** who owns, leases or has available for their regular use, a **motor vehicle** not described in the Declarations.

2. the following Items are added:

   a. **bodily injury** due to a nuclear reaction, nuclear discharge, radiation or radioactive contamination including any cleanup, decontamination or containment activities.

   b. **bodily injury** directly or indirectly caused by or resulting from inhalation, ingestion, existence or exposure to fungi, mold, mushrooms, bacteria, mildew and any mycotoxins, spores, scents or by-products produced by any of these.

   c. **bodily injury** arising out of the use of a **motor vehicle** by an employee of the United States Government. This applies only if the provisions of Section 2679 of Title 28, United States Code as amended, require the Attorney General of the United States to defend the employee in any civil action.

III. Under **PHYSICAL DAMAGE:**

A. **ADDITIONAL DEFINITIONS FOR THESE COVERAGES:**

1. **"COVERED AUTOMOBILE"**, item 1. Is deleted and replaced by:

   1. any **motor vehicle** or **trailer** described in the Declarations.

2. **"NON-OWNED AUTOMOBILE"**, Item 2. is deleted and replaced by:

   2. a commercially rented **automobile, trailer,** or truck which has a Gross Vehicle Weight Rating of under 26,000 lbs., used by **you** or a **relative** on a temporary basis.

B. **ADDITIONAL COSTS WE WILL PAY**, item 1. is deleted and replaced by:

1. If a disablement occurs as a result of **loss** to the **covered automobile, we** will pay up to $50 for transportation to reach the intended destination.

C. **COVERAGE EXCLUSIONS, We** do not cover:

1. item J. is deleted and replaced by:

# ENDORSEMENT FL702B

    J.  **loss** due to a nuclear reaction, nuclear discharge, radiation or radioactive contamination including any cleanup, decontamination or containment activities.

  2.  item L. is deleted and replaced by:

    L.  **loss** to **your covered automobile** while competing in, practicing for, or preparing for, any prearranged or organized racing, speed contest, hill climbing exhibition or other contest or demonstration.

  3.  Item M. is deleted and replaced by:

    M.  a **non-owned automobile** while used by a **relative** who owns, leases or has available for their regular use, a **motor vehicle** not described in the Declarations.

  4.  the following item is added:

    **loss** due to or resulting from fungi, mold, mushrooms, bacteria, mildew and any mycotoxins, spores, scents or by-products produced by any of these.

  D.  **MAXIMUM AMOUNT WE WILL PAY**, the last paragraph is deleted and replaced by:

    The most **we** will pay for **loss** to a **trailer you** do not own is $1500.

IV.  Under **GENERAL POLICY CONDITIONS**, item 8. **MEDICAL REPORTS; PROOF AND PAYMENT OF CLAIM** is deleted and replaced by:

  8.  **MEDICAL REPORTS; PROOF AND PAYMENT OF CLAIM**

    Any person making a claim must, as soon as possible:

    a.  give **us** details about the death, injury, treatment, and other information **we** need to determine the amount payable. **We** have the right to make or obtain a review of **medical expenses** and services to determine if they are reasonable and necessary for the **bodily injury** sustained. Forms for providing this information may be provided by **us**.

    b.  consent to be examined by physicians chosen and paid by **us** when, and as often as, **we** reasonably may require.

    c.  execute authorizations to permit **us** to obtain medical reports and records. If the person is dead or unable to act, such authorizations must be executed by his or her legal representative.

    d.  submit to and provide all details concerning **loss** information through written or recorded statements or examinations under oath as often as **we** reasonably may require.

    In addition, any person making a claim as a result of **bodily injury,** which may result in payment from Personal Injury Protection coverage and Automobile Medical Expense coverage, must notify **us** in writing. This notification should be sent to **us** as soon as reasonably possible after the person's first examination or treatment resulting from the **bodily injury.** Another person may give **us** the required notice on behalf of the person making a claim.

    Under Personal Injury Protection coverage and Automobile Medical Expense coverage, **we** may pay the injured person or any person or organization rendering the services. Any such payment will reduce the total amount **we** will pay for the injury. Any payment by **us** will not constitute admission of liability.

# ENDORSEMENT FL702B

Under Personal Injury Protection coverage and Uninsured and Underinsured Motorists coverage, **we** may pay any amount due to:

a.   the injured person;

b.   if the injured person is a minor, his parent or guardian;

c.   if the person is deceased, the surviving spouse;

d.   the person authorized by law to receive such payment; or

e.   the person entitled by law to recover the damages, which the payment represents.

All other provisions of the policy apply except as modified by this endorsement.

# ENDORSEMENT FL911

## IDENTITY THEFT RESOLUTION

The following is added:

**MISCELLANEOUS**

**IDENTITY THEFT RESOLUTION**

**We** will provide, at **our** expense, a representative of **our** choice to assist **you**, and any **relatives** in resolving issues of unauthorized use of personal identity or credit information. **Our** obligation under this provision is limited to paying for the services of a representative of **our** choice. No other limit of liability or deductible applies.

**You** will receive:

– one-on-one personal support and guidance from an identity theft specialist who stays with **you** for a full year, from first call to crisis resolution.

– direct assistance with notifying government agencies and law enforcement.

– a 3-in-1 credit report containing information from all three national credit bureaus.

– creation of a detailed case file for insurance and police.

– credit monitoring, to identify fraudulent activity and provide periodic reports of changes to credit information - including sending an alert whenever suspicious activity is detected.

– fraud monitoring of more than 400 databases to identify when someone is trying to use, or change, personal information, such as Social Security number and/or home address.

– a full year of fraud alerts, follow-up calls, and status checks.

All other provisions of the policy apply.

## ENDORSEMENT FL405C

### FLORIDA
### UNINSURED MOTORISTS COVERAGE STACKED
### AMENDATORY ENDORSEMENT

**UNINSURED AND UNDERINSURED MOTORISTS**, is deleted and replaced by:

### UNINSURED AND UNDERINSURED MOTORISTS

**ADDITIONAL DEFINITIONS FOR THESE COVERAGES**

The following definitions apply to these coverages only:

**"COVERED AUTOMOBILE"** means:

1. an **automobile** described in the Declarations to which the Uninsured and Underinsured Motorists coverage of this policy applies and for which a specific premium is charged.

2. an **automobile** newly acquired by **you**, if:

   a. it replaces a vehicle described in the Declarations; or

   b. it is an additional **automobile**, but only if:

      i. **we** insure all other **automobiles** owned by **you** on the date of acquisition;

      ii. **you** notify **us** within 30 days of acquisition of **your** election to make this and no other policy issued by **us** applicable to the **automobile**; and

      iii. **you** pay any additional premium required by **us**.

3. a **substitute automobile**.

4. a **motor vehicle**, while being operated by **you** or a **relative** with the owner's permission, which is not owned by, furnished to, or made available for the regular use to **you** or any **relative** in **your** household.

**"SUBSTITUTE AUTOMOBILE"** means a **motor vehicle** not owned by **you** or any resident of the same household and which is used with the owner's permission to replace for a short time a **covered automobile**. The **covered automobile** has to be out of use for servicing or repair or because of breakdown, **loss** or destruction.

**"UNINSURED MOTOR VEHICLE"** means:

1. a **motor vehicle** for which, at the time of the accident, there is no insurance policy or other financial security applicable to the owner, or operator, or any other liable person or organization.

2. a **motor vehicle** to which a bodily injury liability bond or policy applies at the time of the accident but its limit for **bodily injury** liability is not enough to pay the full amount the injured person is legally entitled to recover as **damages**.

3. a **motor vehicle** which has a bodily injury liability bond or insurance policy in effect at the time of the accident, but the company writing such bond or policy denies coverage, or is or becomes insolvent; or

4. a hit and run **motor vehicle** which causes **bodily injury** to a person covered under this section as

# ENDORSEMENT FL405C

the result of striking or without striking that person or a **motor vehicle** which that person is **occupying** at the time of the accident, if:

a.   the identity of the driver and the owner of the hit and run vehicle is unknown;

b.   the accident is reported to the proper authorities within 24 hours;

c.   the facts of the accident are proved by competent evidence, other than the testimony of a person making claims under this or any similar coverage;

d.   the injured person or someone on their behalf files with **us** within 30 days of the accident a statement under oath that the injured person or their legal representative has a cause of action due to the accident for damages against someone whose identity is unknown; and

e.   the injured person or their legal representative makes available for inspection by **us**, when requested, the **motor vehicle occupied** by that person at the time of the accident.

5.   An insured **motor vehicle** to which **bodily injury** liability does not apply to a non-family member when driving the insured vehicle and injuries result to **you** or **your relative** if a member of **your** household.

The term **uninsured motor vehicle** does not include:

1.   a **covered automobile** or **motor vehicle** regularly furnished or available for the use of **you** or any **relative**, unless it is driven by a non-family member and injuries result to **you** or to **your relative** if a member of **your** household; or

2.   an **automobile** owned by the United States of America, Canada, a state, a political subdivision of any such government, or an agency of any of the foregoing.

## UNINSURED MOTORISTS COVERAGE

This coverage is provided only if a premium is shown in the Declarations.

**We** will pay damages for **bodily injury** sustained by:

1.   **you** or a **relative**, caused by an accident arising out of the ownership, maintenance, or use of an **uninsured motor vehicle**, which **you** or a **relative** are legally entitled to collect from the owner or driver of an **uninsured motor vehicle**, or

2.   any other person, caused by an accident while **occupying** a **covered automobile**, who is legally entitled to collect from the owner or driver of an **uninsured motor vehicle**.

3.   any person for damages that person is entitled to recover because of **bodily injury** to which this coverage applies sustained by anyone described in 1. or 2. above.

## COVERAGE EXCLUSIONS

**We** do not cover:

A.   any person who settles a **bodily injury** claim, with any liable party, without **our** written consent and such settlement prejudices **our** right to recover payment.

B.   any claim which would benefit any insurer or self-insurer under any workers' compensation, disability

# ENDORSEMENT FL405C

benefits, or similar law.

C. any claim for which benefits are provided for the same element of loss under the Personal Injury Protection or Medical Expense coverage of this policy.

D. any person, other than **you,** or a **relative,** while **occupying:**

1. a **covered automobile** while it is being used to carry persons or property for a fee.

   EXCEPTION: This exclusion does not apply to shared expense car pools.

2. a vehicle while being used without the permission of the owner.

E. **bodily injury** or **property damage** awards designated as punitive, exemplary, or statutory multiple damages.

F. a **relative** who owns, leases or has available for their regular use, a **motor vehicle** not described in the Declarations.

G. damages for pain, suffering, mental anguish or inconvenience unless the **bodily injury** consists in whole or in part of:

   a. significant and permanent loss of an important body function;

   b. permanent injury within a reasonable degree of medical probability, other than scarring or disfigurement; or

   c. death.

## SETTLEMENT

Whether any person is legally entitled to collect damages under this section, and the amount to which such person is entitled, will be determined by agreement between that person and **us.** Upon written consent of both parties, any disagreement will be settled by arbitration.

When arbitration applies, it will take place under the rules of the American Arbitration Association, unless other means are required by law or are agreed to by the injured party and **us.**

If a person seeking coverage files a suit against the owner or driver of the **uninsured** or **underinsured motor vehicle,** copies of suit papers must be forwarded to **us** and **we** have the right to defend on the issues of the legal liability of, and the damages owed by, such owner or driver. However, **we** are not bound by any judgment against any person or organization obtained without **our** written consent.

## LIMIT OF LIABILITY

1. If **bodily injury** is sustained by **you** or any **relative:**

   The limit of liability shown in the Declarations for "each person" for Uninsured Motorists coverage multiplied by the number of **covered automobiles** shown in the Declarations is the most **we** will pay to all persons for all damages, including damages for care, loss of consortium, emotional distress, loss of services, death, or prejudgment interest arising out of **bodily injury** sustained by any one person as the result of any one accident. Subject to this limit for "each person", the limit shown in the Declarations for "each accident" for Uninsured Motorists coverage multiplied by the number of **covered automobiles** shown in the Declarations is the most **we** will pay for all amages, including

## ENDORSEMENT FL405C

damages for care, loss of consortium, emotional distress, loss of services, death, or prejudgment interest arising out of **bodily injury** sustained by two or more persons resulting from any one accident.

This is the most **we** will pay regardless of the number of:

a.  covered persons;

b.  claims made; or

c.  vehicles involved in the accident.

2.  If **bodily injury** is sustained by any person other than **you** or any **relative**:

The limit of liability shown in the Declarations for "each person" for Uninsured Motorists coverage is the most **we** will pay to all persons for all damages, including damages for care, loss of consortium, emotional distress, loss of services, death, or prejudgment interest arising out of **bodily injury** sustained by any one person as the result of any one accident.  Subject to this limit for "each person", the limit shown in the Declarations for "each accident" for Uninsured Motorists coverage is the most **we** will pay for all damages, including damages for care, loss of consortium, emotional distress, loss of services, death, or prejudgment interest arising out of **bodily injury** sustained by two or more persons resulting from any one accident.

This is the most **we** will pay regardless of the number of:

a.  covered persons;

b.  claims made;

c.  vehicles or premium shown in the Declarations; or

d.  vehicles involved in the accident.

3.  Any coverage afforded under this section shall apply over and above any amounts available to an injured person because of the **bodily injury**:

a.  from or on behalf of persons or organizations who may be legally responsible.  This includes all sums paid under the Automobile Liability coverage.

b.  under any of the following:

i.  Workers' Compensation law;

ii.  Disability benefits law or similar law;

iii.  No-Fault coverage; or

iv.  Automobile Medical Expense coverage.

Any amount of recovery under this coverage will reduce any amount that person is entitled to recover for the same element of damages paid or payable under the **AUTOMOBILE LIABILITY** section of this policy. In no event will a covered person be entitled to receive duplicate payment for the same element of **loss**.

All other provisions of the policy apply except as modified by this endorsement.